GREER *versus* McGEHEE.

*Points of practice in relation to continuances of causes, &c.*

1. All causes not tried, or otherwise disposed of, during a term, stand continued of course ; and it is not necessary to have entered a special order of continuance in each.
2. Where a cause was continued, on an agreement to try it in a special mode, at a designated term, it was held error to try it in that mode at a term subsequent to the one agreed upon.

Assumpsit in Tuskaloosa County Court, on a note of hand, executed by Greer. The writ was issued to June term, 1829 : and at December term, 1831, entries were made upon the record, of the following effect—"'In the case of McGehee, use McGehee *vs.* myself, in the County Court of Tuskaloosa county, I agree that it shall be tried on its merits, at the June term of the said Court, 1832, waiving the plea of the statute of limitations, on the condition that the plaintiff agree to a continuance thereof; and positively to try it at said term : the trial to be before George Starr and H. Perkins, and a third individual to be chosen by these two, in the place of a jury ; evidence out of the state, to be taken by interrogatories—15 December, 1831.—Robert Greer." "I agree to the above condition on the part of the plaintiff, 15 December, 1831, Geo. W. Crabb, attorney for plaintiff."

At December term, 1832, it appeared, that the

parties came ; and the defendant having objected to a trial at said term, on the ground, that the terms of said agreement of December term, 1831, had not been complied with ; the Court overruled his objection, and the cause was tried under the said agreement, and by the said special jury ; who gave a verdict for the plaintiff ; and judgment was rendered accordingly.

A writ of error having been taken to this Court, it was insisted, among other matters, by

*Stewart* and *Thornton* on the part of the plaintiff in error—first, that there had been a discontinuance; second, that the Court erred, in trying the cause, under the special agreement, at December term, 1832.

*Crabb, contra.*

HITCHCOCK, C. J.—This was an action of assumpsit, brought by the defendant in error in the County Court of Tuskaloosa county, returnable to the June term, 1829, of that Court. The cause was continued from term to term until December term, 1831, when an agreement was made to the following effect, to-wit; " that it (the cause) should be tried on its merits at the June term, 1832, of said Court, waiving the plea of the statute of limitations, on the condition that the plaintiff agree to a continuance thereof, and positively to try it at said term. The trial to be before George Starr and H. Perkins, and a third individual to be chosen by those two, in the place of a jury : evidence out of the State to be taken by interrogatories."

The cause was not tried at that term, and no entry

of record was made, either of a general continuance of the cause, or of the agreement above alluded to.

At the December term, 1832, the cause was tried, by order of the Court, under the agreement.; the arbitrators above named, together with one Johnson, chosen by them, acting as a jury; the plaintiff in error objecting to the trial; and a verdict and judgment was rendered against the defendant.

Two errors are assigned and relied on, to reverse the judgment. First: that the cause was discontinued at June term, 1832—there being no order of continuance. Second: that there is no verdict on which a legal judgment can be sustained.

In relation to the first assignment, it is sufficient to remark, that by law, all causes not tried, or otherwise disposed of, at each term, shall stand continued, of course, to the next term. It is not necessary, therefore, to have any order of continuance entered, in each case; it is only necessary, that no disposition appears to have been made of the case.

2. But we think there is error in the second assignment. The agreement to try the cause by three jurors, was confined to the June term, 1832; beyond which time the defendant was not bound to try it in that manner. After that term, the cause stood as every other on the docket—to be tried in the ordinary manner. To have bound the defendant, it should appear by the record, that a continuance of the terms of the agreement had been made at the June term, 1832.

Let the cause be reversed and remanded.

Collier, J. not sitting.