## GRIFFIN v. DOE, ex dem., STODDARD and MURPHY.

1. A decree of the court of chancery, appointing a trustee to sue under a deed of trust, is final as to this matter, and binding alike on strangers, as on parties to the decree.

2. An objection that a deed was not proved, and recorded, within the time prescribed by law, cannot be made in the appellate court, if not raised in the primary court.

3. A deed of trust conveying land by the members of a mercantile company, for the payment of the debts of the partnership, and requiring the trustee to sell at the instance of any creditor of the firm, is founded on sufficient consideration; the company having gone into existence, contracted debts, and there being unsatisfied creditors of the firm.

4. A creditor of the firm, seeking to enforce a debt, cannot be required to produce the original articles of co-partnership.

5. An intention to defraud the public generally, by contracting debts, and circulating paper as money, upon the faith of real estate conveyed for the payment of such debts, and the redemption of such notes, will not render

784 ALABAMA.

Griffin v. Doe ex dem. Stoddard and Murphy.

the deed, by which such real estate is conveyed, void, under the statute of frauds, unless there was an intention on the part of the grantor, to defraud, hinder, or delay, his own creditors.

6. In a contest between a purchaser from the grantor with notice of the deed, and a creditor of the firm seeking to enforce it, the former is in no better condition than the grantor.

Error to the Circuit Court of Tuscaloosa.

EJECTMENT by the defendants, against the plaintiff in error.

Upon the trial of the cause, as appears from a bill of exceptions, the plaintiffs, to show their right to sue, and in support of the issue, offered in evidence a decree, purporting to be made by the chancellor of the Tuscaloosa district, on the 10th November, 1842, in the case of Reese, et al. v. James McCown, and others, by which he appointed the plaintiffs, trustees, in the place of James McCown, to execute certain trust deeds described in the bill, and directing them, if necessary, to sue for, and recover the lands conveyed by the deed, to sell the same, and pay the proceeds over to the register, &c.

To the admission of this decree, the defendant objected, because at the time the same was rendered, the defendant was in possession of the land sued for, under a sheriff's deed, and yet was not a party to the suit in chancery, which objection was overruled, and the defendant excepted.

The plaintiffs then offered in evidence, a deed executed by Robert Oliver to James McCown, as trustee, conveying to him the land in controversy. The deed recites, that articles of association, and co-partnership, had been entered into on the 21st September, 1838, between Alexander McCown, Robert Oliver, and eleven other persons, for the purpose of buying and selling all kinds of merchandize, wares, and such other descriptions of real estate, and property, as the acting partners might deem for the interest of the concern, under firms, to be established by the members, in Tuscaloosa, New Orleans, New York, and Mobile," and whereas by the third article of said association, it is provided, that as a basis for the capital of the company, each individual member thereof, did agree to execute a deed of trust upon real estate, at cash

JANUARY TERM, 1848.            785

Griffin v. Doe ex dem. Stoddard and Murphy.

valuation, to a trustee to be appointed by the company, for the full amount of his investment, or share in the concern, and which should be unincumbered, and become pledged for the payment of all debts contracted by the co-partnership, and to pay into the concern, one per centum upon the amount of his investment, and such other cash payments, as might become essential in order to pay the debts, and provide for the engagements of the company," &c.   Then follows, in consideration of the premises, and of ten dollars, paid by the trustee, a conveyance of the land to J. McCown, upon trust, that he should hold the land in trust for the payment of the debts of the co-partnership, and be liable for the same, as provided in the articles of co-partnership, and the trustee is required, at the request of any creditor of the firm, to take the land into his possession, and sell for the payment of said debts, &c.

This deed was proved by the subscribing witness, to have been executed on the day of its date, before the clerk of the county court, on the 8th December, 1838, and recorded, as appears from his certificate, but the deed set out in the record, is without date.

The plaintiff also introduced a judgment in favor of William Murphy, founded on a note made by Conrow, Ramsay & Co., which remained unsatisfied, to which the defendant objected, because the said William Murphy, was neither a party to this proceeding, or to the suit in chancery, but the objection was overruled, and the defendant excepted.   The plaintiffs did not introduce the articles of co-partnership referred to in the deed, or show any consideration for it, other than the recitals in the deed, but it was proved that the co-partnership went into business.

The defendant, to show that the design of the company was to defraud the public, offered a witness, to prove, that those most active in getting it up, proposed to him, to join it, and explained to him, the object and designs of the company, Oliver not being present.   The plaintiff objected to the admission of this testimony, the objection was sustained, and the defendant excepted.

The defendant further proved, that the company was com-

99

786 ALABAMA.

Griffin v. Doe ex dem. Stoddard and Murphy.

posed for the most part of individuals in desperate, and embarrassed circumstances ; that they resorted to various shifts, and devices, to circulate among the community, a large amount of paper, as money, which has not been redeemed. That the individual members of the company, including Robert Oliver, have all become insolvent, run away, or died.

Defendant further proved, that he had title to the land in controversy, by two deeds executed by the sheriff, on judgments against Oliver—founded, one upon his individual note, and the other upon a bill of exchange of the partnership. These securities were made previous to the deed of trust, but the sheriff's deed subsequent. There was evidence tending to prove, that Oliver was embarrassed when he made the deed.

The defendant moved the court to exclude from the jury, the deed from Oliver, to McCown, on the ground that the articles of co-partnership alluded to therein, had not been produced as evidence, nor any consideration for making the deed, except the recitals of the deed, and the fact that the partnership did business as such, which motion was overruled, and the defendant excepted.

Further, that the deed was fraudulent on its face, which the court refused to give, and charged the jury, that if the deed was made, to hinder, delay, and defraud creditors, it was void, and they should find for the defendant. To all which the defendant excepted, and now assigns as error.

P. MARTIN & HUNTINGTON, for plaintiff in error.
MURPHY, contra.

ORMOND, J.—The admissibility of the decree, removing James McCown from his trusteeship, and appointing the plaintiffs in his stead, is resisted on two grounds, first, because the decree is interlocutory only, and secondly, because the defendant to this suit, is not a party to the suit in chancery, in which the decree was made. Neither objection can prevail. This decree is to all intents final. It requires no further action of the court to give it validity, or sanction, but as it respects the appointment of the plaintiffs' trustees, to recover the land, is final and conclusive.

JANUARY TERM, 1848. 787

Griffin v. Doe ex dem. Stoddard and Murphy.

Nor is it a matter of any moment, that the defendant was not a party to the suit, as by no possibility could he be prejudiced by it. Whether this suit is prosecuted by the original, or substituted trustees, his rights under the deed are the same. The court of chancery never wants a trustee, and may appoint one on an *ex parte* application. In England, the usual course is, to refer it to a master, (Daniel's Ch. P. 1446) and in this State, it may be done by the register in vacation. [Clay's Dig. 350.]

The objection, that the deed does not appear to have been proved, and recorded, within the time prescribed by law, does not appear to have been raised in the court below, and therefore cannot be made in this court. If it had been made there, it might have been shown that although the date of the deed was left blank, it was in fact executed within sixty days of the time, when it was proved and recorded.

The objection to the deed as evidence, because as alledged, there was no proof of consideration beyond the recitals in the deed, is entitled to more reflection. The purpose of the deed, as declared on its face, was to make provision *for the future creditors of a firm, of which the grantor was a member.* It appears from the deed, that the partners were to put in but a small cash capital. The land thus conveyed in trust by this, and the other partners, was in fact the capital stock of the company, relied upon to give it credit, and upon which those willing to credit the firm, were invited to rely, as a fund for the payment of any debt the firm might incur. It was, in effect, putting the land into the partnership, as stock, upon which it was to deal, and in fact pledging it for any debt the company might create. It was proved that the firm went into operation, and transacted business as a mercantile company, and that there are judgment creditors of the firm, whose debts are unsatisfied. It appears to us very clear, that this is not a voluntary deed, but is one founded upon a valuable consideration. It has been held by this court, that a deed executed to secure a contingent liability, as for example, to secure the surety of an executor, or administrator, would be supported, and surely a conveyance of property for the payment of debts, about to be created, is not entitled to less favor.

Nor could the plaintiffs be called on to produce the articles of co-partnership, referred to in the deed of trust. They were not entitled to the custody, and cannot be presumed to have the possession of this paper, the private property of the partnership, and cannot therefore be required to produce it. Although as between the partners, the articles of co-partnership might be the highest evidence of the existence of the partnership, strangers cannot be held to this proof, but may prove its existence, when proof of that fact is necessary, by any other competent testimony. After what has been said, it is scarcely necessary to add, that there was no objection to the proof, that there were unsatisfisd judgment creditors of the firm. Indeed, without this proof, it might well be doubted, whether the trustees could have maintained this action, it being shown that the defendant was a purchaser at sheriff's sale, under a judgment against the grantor individually.

The remaining question, is one of great novelty, and some difficulty. The defendant offered to prove the admissions of some of the company, whilst it was in process of formation, that its design was to defraud the public. This testimony was rejected, as it appears, because Oliver, the maker of the deed, was not present, when these admissions were made, but if the testimony was inadmissible, it is unimportant what reason was assigned for its rejection.

From the deed itself, and the evidence adduced in the court below, we are led to the conclusion, that what is called a "fraud upon the public," was, that the design of this, and the other deeds executed by the company, was to give it a delusive credit, and to enable it to circulate its own notes, as money, and in other modes to obtain a credit, utterly disproportionate to the means provided for their redemption, and payment—and that they did by various devices, contrive to circulate in the community, a large amount of paper as money, which has never been redeemed. This being the purpose and design of the deed, it is argued, renders it fraudulent and void.

The statute of frauds of this State, contains the substance of the provisions, both of the 13th and 27th of Elizabeth : the former being intended for the protection of creditors against fraudulent conveyances. The creditors here spoken

Griffin v. Doe ex dem. Stoddard and Murphy.

of, are the creditors of the grantor, or donor, making such fraudulent conveyance, and as to them, if the intention was to hinder, delay, or defraud them, the statute declares the conveyance to be utterly void; and by a long series of decisions, the courts have held, that if the consideration is voluntary, the deed is fraudulent, and void, as against the existing creditors of the donor. We have seen by the previous examination of the question, that this deed, made for the protection of the future creditors of the firm, is not voluntary, but founded on a valuable consideration, and the question, whether it was made with intent to hinder, or delay creditors, was fairly left to the jury, and their verdict has ascertained, that it was made *bona fide*, that is, that it was not made, with intent to hinder, or delay the creditors of the grantor.

Conceding then, that the grantor meditated a fraud upon the public, by which must be understood that portion of the community, who could be understood that portion of the receive its notes as money, the deed is nevertheless a valid security for them, and cannot be impeached for fraud, by a purchaser from the grantor, with notice of the conveyance, either actual, or constructive, from the registration of the deed, pursuant to the statute. The case then, is that of a purchaser from the grantor, insisting that a deed is void as to him, because the maker of the deed contemplated a fraud upon other persons, in a conveyance professedly made to secure them from loss, and which they are desirous to enforce according to its terms. In such a contest, the purchaser with notice of the deed, can be in no better condition than the grantor—and as the latter could not controvert the deed, neither can he. It is of no moment, that the defendant, by his purchase at sheriff's sale, connects himself with the title of the creditor. The plaintiffs also represent the creditors of the grantor, and in addition, are clothed with the elder legal title.

Judgment affirmed.