## TATE AND TATE *vs.* McCRARY.

1. Before the passage of the act of February 6, 1846, (Pamphlet Acts, 35,) a writ of error did not lie, to review a judgment of non-suit taken with the consent of the plaintiff;· and since the passage of that act, the writ only lies where the record shows that the non-suit was taken in consequence of a decision of the court adverse to the rights of the plaintiff in error.

2. Where the judgment entry recites, that "the plaintiffs *voluntarily* suffered a non-suit," and neither the bill of exceptions nor any other part of the record shows that the non-suit was taken in consequence of the ruling of the court, the Appellate Court will not infer that it was taken on account of the ruling of the court adversely to the plaintiffs, from the mere fact that a bill of exceptions was taken to the ruling of the court against the plaintiffs.

ERROR to the Circuit Court of Pickens.

Tried before the Hon. WM. R. SMITH.

This was an action of DETINUE, brought by the plaintiffs in error for the recovery of certain slaves. To show title in themselves, the plaintiffs offered to introduce a certified copy of a deed, which the court, upon the objection of the defendant, excluded. The plaintiffs excepted to the ruling of the court, and tendered their bill of exceptions, which was signed and sealed by the presiding judge; and the plaintiffs then took a non-suit. The language of the judgment entry is as follows, viz: "This day came the parties by their attorneys, and the plaintiffs voluntarily suffer a non-suit. It is therefore considered by the court, that the defendant go hence," &c.

The plaintiffs bring the case to this court by writ of error, and assign for error the matters shown by the bill of exceptions.

ORMOND & NICOLSON, for plaintiffs in error.

E. W. PECK, *contra.*

DARGAN, C. J.—The courts of this State have no right to order a non-suit against the wishes of the plaintiff, and therefore it was, that a writ of error did not lie to review a judgment of non-suit taken with the consent of the plaintiff. This being the state of the law, an act was passed on the 6th

February, 1846, which provides, "that in all cases where it may be necessary for a plaintiff in any proceeding at law to enter a non-suit, by reason of the determination of the court upon a matter of law, it shall be lawful for such plaintiff to move the Supreme Court, at the ensuing term, to set aside such non-suit; when the Supreme Court shall consider the points of law arising upon such non-suit, and set aside or confirm the same, as the law shall be found." The second section provides, that if the record itself does not disclose the points of law upon which the non-suit may depend, such points of law may be exhibited by bill of exceptions, and the party may have his writ of error, as in other cases in which writs of error are allowed by law. Under this act, it is very clear, that if a plaintiff takes a non-suit in consequence of any decision made by the court, he may have such decision reviewed by this court. But, it is equally clear, that it must appear that the non-suit was taken in consequence of the decision; for a voluntary non-suit, not taken by reason of the decision of the court adversely to the rights of the plaintiff, can no more be reviewed by this court, since the act of 1846, than it could have been before the passage of that act. We must, therefore, look to the record, and see from it that the non-suit was taken in consequence of the decision, and if we cannot see this, we have no authority to review the decision.

Applying this rule to the case before us, we cannot review the decision of the Circuit Court, and the writ of error must be dismissed. Neither the bill of exceptions nor the judgment entry, nor, indeed, any part of the record, informs us that the non-suit was taken on account of the decision of the court. We could only infer it from the fact, that there is a bill of exceptions taken by the plaintiff, and then follows the non-suit. But why it was taken, we are left to inference alone; and that inference must be drawn from the fact, that a bill of exceptions was taken to the ruling of the court, and afterwards a non-suit was entered. This we hold to be insufficient to authorize us to review the decision of the court. The record itself should, from its language, inform us that the nonsuit was taken in consequence of the decision.

This view is not inconsistent with the case of Shields v.

Byrd, 18 Ala. 818. The bill of exceptions itself, in that case, clearly showed that the non-suit was taken in consequence of the ruling of the court below; while in this case, we are left to infer it only, from the fact that the record shows that a decision was made by the judge adverse to the plaintiff, and this inference, we think, ought not to be drawn in favor of the plaintiff in error.

Let the writ of error be dismissed.