## DOWNS vs. MINCHEW.

[ACTION ON ACCOUNT FOR MEDICAL SERVICES—NONSUIT.]

1. *Exception and nonsuit.*—Where the judgment entry recites, that "the plaintiff excepted to the ruling of the court, and takes a nonsuit," it sufficiently appears that the nonsuit was taken on account of the adverse ruling of the court.

2. *Statute prohibiting recovery for services by unlicensed physicians.*—The statute of this State, prohibiting a recovery for medical services rendered by an unlicensed physician, (Code, § 977,) does not prevent a recovery here for services rendered in another State; nor can our courts presume that a similar statute exists elsewhere.

APPEAL from the Circuit Court of Coffee.
Tried before the Hon. C. W. RAPIER.

THIS action was founded on an open account for medical
services rendered by the plaintiff, as a physician, in the
State of Texas. Notice was served on him, that his
license to practice medicine as a physician would be
required on the trial; but he produced no license. There
was no proof that the laws of Texas required a physician
to have a license or diploma. On these facts, the court
instructed the jury, that the plaintiff could not recover;
to which charge the plaintiff excepted, and took a nonsuit.
The judgment entry recites, that "the plaintiff excepted
to the ruling of the court, and takes a nonsuit." The
charge of the court is now assigned as error.

JAS. L. PUGH and E. C. BULLOCK, for appellant.

WATTS, JUDGE & JACKSON, contra.

STONE, J.—It is argued for the appellee, that the
record fails to connect the nonsuit with the rulings of the
primary court. We think the principle to be extracted
from our decisions is, that if the record establishes the
fact that the decision below was the *cause* of the nonsuit,
and that the party excepted with a view to a revision by
this court, the statute is complied with.—Code, § 2357;
Shields v. Byrd, 15 Ala. 818; Tate v. McCrary, 21 Ala.
499; Duncan v. Hargrove, 22 Ala. 150. The question
here presented has been, in effect, decided adversely to
the views of the appellee.—See Duncan v. Hargrove, *supra;*
Blackburn v. Minter, 22 Ala. 613. We therefore hold,
that the appellant has sufficiently reserved the question
decided adversely to him, to justify us in considering it.

The charge of the circuit court cannot be vindicated.
The disability under which physicians labor who practice
without license, is purely statutory.—See Code, §§ 977–8.
Our statutes cannot operate upon such contracts made, or
services rendered, without the limits of the State; neither
can we presume that the State of Texas has enacted a law
similar to our own.

The judgment of the circuit court is reversed, the nonsuit set aside, and the cause remanded.