JUNE TERM, 1861.            679

Ex parte North-east and South-west Alabama Railroad Company.

## Ex Parte NORTH-EAST & SOUTH-WEST ALA. RAILROAD COMPANY.

### [APPLICATION FOR MANDAMUS TO CIRCUIT COURT.]

1. *Legislative power to alter summary remedy of corporation against defaulting stockholders.*—A summary remedy against defaulting stockholders, given to a corporation by the act of its incorporation, is no part of its corporate franchises, and may be altered or modified by the legislature at pleasure.

2. *"Stay-law" applies to summary proceedings.*—The first section of the act "to regulate judicial proceedings," approved the 8th February, 1861, and commonly known as the "stay-law," (Acts of Called Session of 1861, p. 3,) which prohibits the rendition of judgment at the return term of any "suit, writ, summons, complaint or bill," applies to a summary proceeding by notice and motion, on the part of an incorporated railroad company, against a delinquent stockholder; although the charter of the company authorizes the rendition of judgment in its favor at the return term of the notice, provided it has been served twenty days previous thereto.

3. *Continuance and discontinuance of summary proceeding.*—A summary proceeding by notice and motion will be discontinued, unless some action is had on the notice at the return term, although the "stay-law" prohibits the rendition of judgment at that term; yet the plaintiff may keep alive his notice, by having it docketed, according to the rule of practice adopted at this term, or by some action of the court continuing its existence.

APPLICATION for a *mandamus* to the circuit court of Tuskaloosa, Hon. WM. S. MUDD presiding, to compel that court to render judgment in a certain cause therein pending, wherein the North-east and South-west Alabama Railroad Company was plaintiff, and one John McClelland was defendant. The plaintiff was incorporated by an act of the legislature of this State, approved December 12, 1853, (Session Acts 1853-4, p. 270;) and the 14th section of its charter gave it a summary remedy by notice and motion against delinquent stockholders, or subscribers for stock. The suit was commenced by notice, which was served on the defendant more than twenty days before the return term. The circuit court refused to render judgment at the

return term, on the ground that the fourth section of the "stay-law" of February 8, 1861, applied to such cases; and this refusal is made the ground of the present application to this court.

E. W. PECK, for the motion.

R. W. WALKER, J.—By the 14th section of the act "to incorporate the North-east and South-west Alabama Railroad Company," it is provided, that upon the failure of any stockholder to pay his calls of stock, the corporation "may move the circuit court of the county in which the stockholder resides, for judgment at the time at which such motion is made, twenty days' notice being given him, of said motion. The notice may be issued by the president of the corporation, and served by the sheriff, who shall be entitled to one dollar therefor, to be taxed in the bill of costs; and upon such judgment, execution shall issue as in other cases."—Acts 1853–4; p. 275.

[1.] Of the power of the legislature to control and modify, at its pleasure, the summary remedy here bestowed upon the corporation, to the same extent that it can regulate the remedies for the enforcement of contracts between private individuals, we entertain no doubt.—*Bank of Columbia v. Okely*, 4 Wheat. 244–5; *Howard v. Ky. & Lou. Ins. Co.*, 13 B. Monr. 285–6; Angell Corp. § 769.

[2.] The question is, whether the legislature has exercised the power here asserted. The court below decided that it has, and held, that the remedy given by the 14th section of the act of incorporation is so far affected by the act approved February 8, 1861, commonly known as the "stay-law," that the corporation is not entitled to have its motion heard at the term to which the notice is returned, although the notice has been served more than twenty days before the motion is made.

The 1st section of the act last referred to provides, "That hereafter, in the commencement of any suit in any of the courts of law or equity in this State, the court to

Ex parte North-east and South-west Alabama Railroad Company.

which any suit, writ, summons, complaint, or bill, may be made returnable, shall be deemed and held as the return term of such suit, writ, summons, complaint, or bill, and the same shall stand for trial at the next succeeding regular term of such court appointed by law to be holden after such return term; and the parties in the law courts shall not be required to plead at the first term, except that pleas in abatement shall be filed as now required by law."—Acts of Called Session of 1861, p. 3.

The language here employed is certainly as comprehensive as could be desired. The words of this section, standing by themselves, are broad enough to embrace a summary proceeding, by notice and motion, in the circuit court. Such a proceeding is a suit in a court of law; and the words here used are, "in the commencement of any suit in any of the courts of law or equity in this State, the court to which any suit, writ, summons, complaint, or bill, may be made returnable," &c. The use of all these terms clearly implies, that the statute was intended to apply to suits not begun by writ, summons, or complaint, as well as to those which are. In *Alabama & Tennessee Rivers R. R. Co. v. Harris*, (25 Ala. 232,) it was held, that a proceeding by notice and motion on the part of a railroad company, against a delinquent stockholder, is a "a suit" within the meaning of section 2398 of the Code. So, in Ex parte *Robbins*, (29 Ala. 77,) it was declared that an action, commenced by original attachment, is within the provisions of section 2396 of the Code, though the words of that section, literally construed, seem applicable only to suits begun by summons and complaint. In *Stanley v. Bank of Mobile*, (23 Ala. 662,) it was held that, in a proceeding by notice and motion, the issuing of the notice is the commencement of the suit, and prevents the statute of limitations from creating a bar, although the motion for judgment is afterwards delayed. And the notice serves the double purpose of writ and declaration.—*Jemison v. P. & M. Bank*, 17 Ala. 754; *Stanley v. Bank, supra*; *Griffin v. Bank*, 6 Ala. 908 (910.)

But we are not left alone to the words of the 1st section. The 5th section provides, that "the provisions of this act shall not be held to apply to suits of any descriptions or judgments in any court against defaulting public officers, for failing to pay over money, or for any breach of the duties required of them by law." It is plainly to be implied from this, that, but for the special exception here made, summary proceedings by notice and motion, against sheriffs and other public officers, would be subject to the provisions of this act. The object of the legislature was to reach all suits, except those especially named in the 5th section; and suits in which judgment is obtained on notice and motion, are as much within the intention of the law, as those commenced in the usual mode.

[3.] The rule declared in our former decisions, in reference to proceedings by notice and motion, is, that some action must be had on the notice at the time specified in it; or the law will presume that the party has abandoned his intention of proceeding on it, and he cannot afterwards move the court for judgment on such motion.—*Broughton v. Bank*, 6 Porter, 48; *Armstrong v. Robinson*, 2 Ala. 164; *Gary v. Bank*, 11 Ala. 771; *Evans v. Bank*, 12 Ala. 788. Under the act of February 8, 1861, the motion cannot, as we have seen, be heard at the return term of the notice, against the objection of the defendant; but the plaintiff can keep alive his notice, by having it docketed, according to the rule adopted at this term, or by any action of the court continuing its existence; and it will then stand for trial at the next succeeding regular term.

As the ruling of the circuit court was correct, we need not inquire whether there would have been a remedy by *mandamus*, if it had been erroneous.

Motion overruled.