[Ex parte Driver.]

## *Ex parte* Driver.
## *Ex parte* Murray.

### *Petitions for Mandamus to Circuit Judge.*

*Discontinuance.* — The failure of a circuit judge to attend a regular or special term of his court, and the consequent omission to enter on the minutes an order continuing all causes not otherwise disposed of, do not operate a discontinuance; but all causes, both civil and criminal, stand continued by operation of law.

APPLICATIONS by petition, by Dave Driver and Robert Murray, respectively, for writs of *mandamus*, to the Hon. M. J. SAFFOLD, presiding in the circuit court of Hale county, requiring him to discharge the petitioners from custody, and from further prosecution under indictments pending in said court against them, as stated in the opinion of the court.

WEBB & TUTWILER, for petitioner Driver; ROULHAC, YOUNG & SEAY, for petitioner Murray.

B. F. SAFFOLD, J. — The petitioners, under indictment, the first, for assault with intent to murder, and the second, for murder, ask for a *mandamus* to the judge of the circuit court of Hale county, to discharge them from custody and further prosecution on account of these alleged offences. The ground of discharge in each case is averred to be, that the fall term of the court in 1873 was not held on account of the failure of the judge to attend, and there was no formal entry on the record of the continuance of either cause; also, that the legislature authorized a special term of the said circuit court to be held in January, 1874, for the trial of all criminal causes, and the said special term was not held for the like reason, the non-attendance of the judge, and no continuance of the causes by order of the court was formally entered of record.

In *Ex parte Hall*, 47 Ala. 675, the rule of discontinuance was held to be the same in civil and criminal cases. A suit or prosecution might be discontinued by the act of the State, or of the court, or of the attorney who prosecutes in behalf of the State. In *McAlpine* v. *State*, Ib. 78, a general order of continuance was declared to be sufficient to continue all causes not disposed of before the general adjournment of the court, although there was no provision of law for making it, and a former authority to do so, in Clay's Dig. p. 342, § 162, had been omitted out of the Code. In *Green* v. *McGehee*, 3 Port. 398, the court said: " All causes not tried, or otherwise disposed of, at each term, shall stand continued, of course, to the next term. It is not necessary, therefore, to have any order of continuance

entered in each case. It is only necessary that no disposition appears to have been made of the case." To the same effect are *Clemens* v. *Judson & Banks*, Minor, 395; *Mendenhall* v. *Smith*, Ib. 380; *Ex parte Remson*, 31 Ala. 270. To hold that the failure of a judge to attend at a regular or special term of his court, with or without cause, or his omission, when attending, to enter an order of continuance, would dismiss out of the court all of the pending cases, would be to sacrifice the public interest, and the rights of parties, in grave matters, to the merest shadow of an indifferent form. The tendency of legislation and judicial ruling is decidedly in favor of the retention in court of every cause until it can be fairly heard on its real, substantial merits. And this is justice.

The *mandamus* is denied.