# *Ex parte* Owens.

### *Application for Mandamus.*

1. *Discontinuance; what does not constitute.* — Neither a criminal nor a civil proceeding is discontinued because the record fails to show continuances from term to term.

2. *Same; presumption of continuance.* — In the absence of some act of the party plaintiff, disclosed by the record, causing a gap or chasm in the proceeding, it will be presumed that it was regularly continued from term to term.

3. *Minutes; what not essential to validity of.* — The failure of the presiding judge to sign the minutes of the court does not affect their validity.

THIS was an application for *mandamus* to compel the judge of the 8th judicial circuit (Hon. H. D. CLAYTON) to strike from the docket the case of the *State* v. *Owens*, on the ground that it had been discontinued. The petition shows that the petitioner was indicted for assault and battery at the Fall term, 1868, of the circuit court of Pike, and at that term gave bond for his appearance as required by law. The case was regularly continued from term to term until the Fall term, 1869. At the Spring term, 1870, there is an order in the minutes continuing all cases not disposed of, but these minutes have never been signed. From that time until the Spring term, 1875, so far as the record shows, no proceedings whatever were had in the case. At the Spring term, 1875, the case was called, when the petitioner moved to have it stricken from the docket on the ground that it had been discontinued. The court overruled this motion and defendant excepted.

JOHN D. GARDNER and JOHN P. HUBBARD, for petitioner.

PER CURIAM. — The record does not disclose a discontinuance of the prosecution. When a cause civil or criminal is regularly introduced into a court of record, although continuances from term to term are not regularly entered as they ought to be, and a failure to enter them is a gross dereliction of clerical duty, they are presumed, unless the record discloses some act of the party plaintiff, by which a chasm in the proceedings is produced. *Drinkard* v. *The State*, 20 Ala. 9; 2 Brick. Dig. 369, § 112.

The failure of the presiding judge to sign the minutes of the court does not affect the validity of the record. *Bartlett & Waring* v. *Lang*, 2 Ala. 61.

The application for *mandamus* is denied.