# Benson *v.* The State.

*Prosecution for Living in Adultery or Fornication.*

1. *Discontinuance.*—A criminal prosecution commenced by warrant of arrest, which is not executed or returned to the ensuing term of the court, is not discontinued by the failure to enter continuances, or other orders in the case, from term to term, unless such failure is caused by some act on the part of the prosecutor, or by his failure to do some act precedent to his right to further prosecute the case.

From the Circuit Court of Bibb.

Tried before the Hon. Jas. R. Dowdell.

The prosecution in this case was commenced by a warrant of arrest issued by the judge of the County Court, on the 12th of February, 1884, and returnable on the 3d March, 1884, which was founded on an affidavit, or complaint, made by Richard Bradley, accusing Larkin Benson and Mary Duke of living together in adultery or fornication. The words "Not found" were indorsed on the warrant, but the indorsement was without date or signature. An *alias* warrant was issued on the 5th August, 1887, under which Mary Duke was arrested, but it was returned "Not found" as to said Benson. Afterwards, warrants were regularly issued, from term to term, and returned "Not found," until April 8th, 1890, when said Benson was arrested. On the trial in the County Court, the defendant was convicted, and fined $100; and he took an appeal to the Circuit Court. On the trial in the Circuit Court, the judgment-entry recites that issue was joined on the plea of not guilty; but the bill of exceptions states that the defendant also pleaded the statute of limitations of one year, and submitted a motion to quash the warrant, and dismiss the prosecution, on the ground that it was barred. The court overruled the motion to quash and dismiss, and the defendant excepted; and on

[Butler v. The State.]

the evidence adduced, which showed, in addition to the facts above stated, that the offense was committed in June, July and August, 1883, refused to instruct the jury, as requested by the defendant, that the prosecution was either barred or discontinued. Exceptions were reserved by the defendant to the refusal of the charges asked.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—At common law, and in several of the States, suits and prosecutions may be discontinued by non-action, by which it happens that terms of the court have been permitted to elapse without any order of the court being made or invoked. In this State the rule is different. A mere failure to enter continuances, or to enter orders at the several terms, is treated as a clerical omission, and does not impair the validity of the proceeding, unless it appears that such failure was brought about by the party instituting the suit or prosecution, ·or by his failure to do some act precedent to the right to press the suit or prosecution to a hearing.—*Ex parte Owens*, 52 Ala. 473; *Ex parte Remsen*, 31 Ala. 270; *Forester v. Forester*, 39 Ala. 320; *Ex parte N. E. & S. W. Railroad Co.*, 37 Ala. 679; *Malone v Marriott*, 64 Ala. 486; *Ex parte Holton*, 69 Ala. 164; 5 Amer. & Eng. Ency. of Law, 674–5:

It is not shown that Bradley, who instituted the prosecution, did any act to cause the delay, nor is the long delay in effecting the arrest, nor the many returns of "not found," attempted to be explained. Under the rule declared by this court, we feel bound to hold the prosecution was not discontinued.

Affirmed.