# Farr *v.* The State.

## *Application for Habeas Corpus.*

1. *Habeas corpus; when prisoner not entitled to discharge.*—Where, upon a preliminary examination, one charged with the offense of murder is committed to the custody of the sheriff under a *mittimus* commanding that he be detained until legally discharged, and while he is so detained in custody the time for holding a regular term of the circuit court passes, without the court being held and without any order being made upon the records, or the grand or petit jury being organized, such failure to hold the court does not amount to a discontinuance of the prosecution against the prisoner in custody, and he is not entitled to be discharged.

2. *Discontinuance of prosecution; when not shown to exist.*—The failure of a circuit court to hold a regular term of the court and the consequent failure to enter upon the minutes of court an order continuing the cases not otherwise disposed of, do not work a discontinuance of a criminal prosecution pending in said court; and this principle applies to a prosecution pending against one charged with murder, and who is in the custody of the sheriff under a *mittimus* issued on a preliminary examination.

APPEAL from an Order of the Judge of Probate of Geneva.

Heard before the Hon. ED. LOACH.

The proceedings in this case were had upon a petition filed by the appellant, John Farr, for *habeas corpus,* addressed to the judge of probate of Geneva county asking for his discharge from custody. The facts of the case upon which the petitioner asks for his discharge are sufficiently stated in the opinion.

Upon the hearing of all the evidence the court denied the petition, and remanded the petitionar to the custody of the sheriff. To the rendition of this judgment the petitioner duly excepted. The appeal is prosecuted from this judgment.

F. J. MILLIGAN, for appellant, cited *Goodwin v. Governor*, 1 Stew. & Port. 465; *Rogers v. State,* 79 Ala. 59; *Ex parte Stearnes,* 104 Ala. 93; *State v. Kyle,* 99 Ala. 256; *Gay v. State,* 20 Tex. 507.

MASSEY WILSON, Attorney-General, for the State.

SHARPE, J.—Upon a charge of murder and pursuant to a preliminary examination had before a justice of the peace of Geneva county, petitioner was, on August 11th, 1902, committed to the custody of the sheriff, who now holds him in jail under a *mittimus* bearing the date mentioned and commanding that the petitioner be detained until legally discharged. The term for holding the circuit court of that county which followed next after the commitment, was fixed by law to begin on the 13th day of October, 1902. The testimony taken on the trial of this case, as set out in the bill of exceptions, is to effect that on the last named day "the sheriff or deputy sheriff called court and made public announcement of the opening of court, that presiding Judge Hubbard was present and immediately after taking his seat in the court room, announced that no term of the court would be held;" that no order of any character was made and no entry of any organization of the court was made on the court records, and no jury, grand or petit, was organ-

[Turner *et al.* v. City of Mobile.]

ized. On these facts the petitioner bases his application to be released.

In *Ex parte Stearnes,* 104 Ala. 93, it was held that where one is committed to jail upon preliminary examination to answer for a criminal offense and while he is in custody a regular term of the circuit court is held and adjourned without the finding of an indictment against the prisoner and without making any order continuing the cause for investigation, the prisoner is entitled to be discharged. This case differs from that of *Ex parte Stearnes* in that here there ·was no court to take action on the petitioner's case either by way of investigaton of the charge or of continuing the matter for investigation. The testimony above referred to shows,' not that the court was held and afterwards adjourned, but that it was never convened. The lapse of a term without convention of the court.does not work a discontinuance of a criminal prosecution.—*Ex parte Driver,* 51 Ala. 41. The principle applies to a prosecution pending as this was to await the action of the grand jury in the circuit court.

The probate judge did not err in remanding the prisoner, and his judgment will be affirmed.    .