[Smith v. The State.]

# Smith *v.* The State.

## *Habeas Corpus.*

(Decided Feb. 14th, 1907.   43 So. Rep. 129.)

1. *Criminal Law; Time of Trial; Discharge for Delay; Discontinuances.*—Petitioner was convicted and sentenced to the penitentiary on January 9th, 1905, the judgment was affirmed, but on application for rehearing, on Feb. 4th, 1905, the judgment was annulled and the cause reversed, and defendant remained in the custody of the convict department until the filing of this petition for habeas corpus on Dec. 23rd, 1905.   Held, this did not entitled him to a discharge for delay in trial, nor 'did the fact that one entire term of the criminal court of Jefferson county passed without an order having been made in the case, entitle him to a discharge because of a discontinuance, as it appeared that at the next term a forfeiture was taken against defendant and bail and an alias capias issued for his arrest.

2. *Criminal Law; Discontinuance.*—The omission by a ministerial officer to do something it was his duty to do, or the passing of a term of court without entering an order continuing a case on the docket will not constitute such a chasm in a criminal prosecution as will work a discontinuance.   A discontinuance must come from some act of the court or prosecuting officer evidencing an intention to abandon the prosecution.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Appeal from a judgment and order of the city court of Montgomery on habeas corpus, denying the writ.   The facts on which the opinion is rested sufficiently appear therein.

B. M. ALLEN, and RUSHTON & COLEMAN, for appellant. Upon a reversal of the judgment of conviction the defendant should have been returned to the custody of the sheriff of Jefferson county and his confinement in the penitentiary afterwards was illegal.—Sec. 4468, Code 1896; *White v. The State,* 134 Ala. 197.

[Smith v. The State.]

Where a prisoner is unlawfully detained in custody contrary to a legal judgment and sentence, he should be discharged on a habeas corpus.—*Kirby v. State,* 62 Ala. 51; *Ex Parte Pearson,* 59 Ala. 654; *Ex Parte Rand,* 99 Ala. 302, (14 So. 540); *Ex Parte Goucher,* 103 Ala. 305, (15 So. 601); *Ex Parte King,* 82 Ala. 59, (2 So. 763); *Ex Parte Crews,* 78 Ala. 457; *Ex Parte Espalla,* 109 Ala. 92, (19 So. 984); *Ex Parte Stewart,* 98 Ala. 68, (3 So. 660); *King v. State,* 62 Ala. 57; *Ex Parte White,* 134 Ala. 197; *Ex Parte O'Neil,* 134 Ala. 189; *Ex Parte O'Neil,* 134 Ala. 664. Any unreasonable detention of a prisoner entitles him to be discharged by reason of a "subsequent act, omission or event."—*Ex Parte King, supra; Ex Parte Goucher, supra.* What is a reasonable length of time, depends upon the circumstances of the particular case.—*Kirby v. State,* 62 Ala. 51.

A discontinuance is defined to be a gap or chasm in the proceedings, occurring while the suit is pending, and the law, applicable thereto, effects both civil and criminal cases.—*Drinkard's Case,* 20 Ala. 9; *Ex Parte Hall,* 47 Ala. 675; 2 Brick. Dig. p. 367, Sec. 92, et seq.; *Ex Parte State of Alabama,* 115 Ala. 123; *Ex Parte Sterns,* 104 Ala. 93; Clark's Manual of Crime Law, p. 434. When a cause is discontinued in a criminal case, there is no longer a pending prosecution upon which the defendant may be held, and he must be discharged.—*Ex Parte Sterns,* 104 Ala. 97. Where the plaintiff leaves a chasm in the proceeding of his cause, as by not continuing the process regularly from day to day and from time to time, as he ought to do, the suit is discontinued, and the defendant is no longer bound to attend, but the plaintiff must begin again.—*Ex Parte Hall,* 47 Ala. *83; Blackstone's Commentaries, Vol. 3, p. 296.

Criminal cases can be discontinued by failing to prosecute it regularly.—*Drinkard v. State,* 20 Ala. 13.

. MASSEY WILSON, Attorney General, for State.—The facts of the petititon are fully set out in the transcript. The following cases clearly show that the order of the trial judge was proper, and that the appellant was not entitled to his discharge absolutely.—*White v. The State,* 134 Ala. 197; *Roberts v. The State,* 126 Ala. 87; Code, § 4468.

SIMPSON, J.—This is an appeal from the judgment of the city court of Montgomery in a habeas corpus proceeding. The record shows that the appellant (petitioner) was convicted in the criminal court of Jefferson county, May 7, 1904, of the offense of murder in the second degree, and sentenced to be imprisoned in the penitentiary for 30 years. Said judgment was affirmed by this court on January 9, 1905; but on February 14, 1905, on a rehearing, the judgment of conviction was reversed and the cause remanded. However, when the judgment of conviction was affirmed, the appellant was sent to the penitentiary, and was still in the charge of the convict department, when the writ of habeas corpus was sued out on December 23, 1905. In the meantime one entire term of the criminal court of Jefferson count had passed; the cause being on the docket, but the record showing no continuance, or other order in relation to the case. On the second term of said court, to-wit, the September term, 1905, an order was made in said case, in said court, adjudging a forfeiture against said petitioner, and an alias capias ordered to be issued against him. Petitioner claims that he is entitled to be released from confinement, and invokes, first, the principles announced in cases where prisoners have been discharged on account of unreasonable delay in carrying out the sentence of the law; and, second, the principles on the subject of discontinuances, by which it is claimed that the facts recited show a discontinuance of the case in the criminal court of Jefferson county.

Upon the first proposition this court has gone over all of the cases upon the subject, and has held that the reason why discharges were granted in previous cases was that, not only there had been unreasonable delay in carrying out the sentence of the law, but also no suitable provision had been made for carrying out the sentence at all. The court accordingly held that, although the prisoner be in the custody of some officer who is not entitled to hold him, yet, where there is a person or officer who is entitled to the custody of the prisoner under the sentence, "he will not be discharged absolutely, but will be discharged from the custody of the person holding him, and committed to the lawful custody" of the

officer or party who is entitled to hold him.—*White v. States,* 134 Ala. 197, 207, 209, 32 South. 320. From the principles decided in this case, and the cases cited, the order of the judge of the city court of Montgomery was correct, unless the failure to continue the case and the subsequent order in the criminal court of Jefferson county by which a forfeiture was taken worked a discontinuance of the case.

It is true that a criminal case, as well as a civil suit, may be discontinued by the act of the prosecuting officer for the state, and a discontinuance is defined as "a gap or chasm in the proceeding, after the suit is pending." But, in order to constitute such chasm, it is not sufficient that some ministerial officer has omitted to do something which it was his duty to perform, but it must be the act of the prosecuting officer, indicating his intention to abandon the prosecution of the case.—12 Cyc. 378; *Drinkard v. State,* 20 Ala. 9, 12; *Harrall v. State,* 26 Ala. 52, 57; *Ex parte Hall,* 47 Ala. 675, 680; *Ex parte Driver,* 51 Ala. 41; *Scott v. State,* 94 Ala. 80, 10 South. 505; *Ex parte Humes,* 130 Ala. 201, 203; *Miller v. State,* 110 Ala. 69, 85, 20 South. 392; *Farr v. State,* 135 Ala. 71, 33 South. 660. The case of *Ex parte Stearnes,* 104 Ala. 93, 97, 16 South. 122, is not in conflict with what has been said. That, and the cases therein cited, are based upon the principle that, when a party is committed on preliminary examination, or bound over to answer an indictment to be found at the term of court, and said court has met and adjourned without action, the mittimus or the bond has become functus officio, and there is no proceeding in court to hold him; consequently, the party is entitled to be discharged from custody.

On the other hand, when a cause is regularly on the docket, the passing of a term without the entering of an order continuing the same does not make such a chasm as to work a discontinuance, unless the record discloses some act of the plaintiff or prosecuting officer by which the chasm is produced.—*Ex parte Owens,* 52 Ala. 473; *Ex parte Holton,* 69 Ala. 164, 168; *Benson v. State,* 91 Ala. 86, 8 South. 873. The action of the court at the second term in entering the forfeiture, while erroneous,

[Weinard v. The State.]

was not such as to create a chasm, but, on the contrary, showed a continuing prosecution of the case.

The judgment of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.

