# Long *v.* Holley, *et al.*

## *Assumpsit.*

(Decided Nov. 19, 19908. 47 South. 655.)

1. *Appeal and Error; Non-suit; When Appeal Lies From.*—No appeal lies from a judgment of non-suit, under section 614, Code 1896, as amended by general acts 1903, page 34, unless the non-suit has been taken or necessitated by adverse rulings of the court, either as to the pleadings, or as to matters properly presented by bill of exceptions.

2. *Same; Decisions Reviewable; Judgment to Support.*—A judgment entry stating "demurrer to replication is sustained," is not such a judgment on the demurrer to the replication as will support an appeal.

[Long v. Holley, et al.]

3. *Same; Non-suit; Adverse Ruling.*—Where the record on appeal from a judgment of non-suit is silent as to the cause of the non-suit, this court cannot, on appeal, supply the deficiency so as to show that it was because of an adverse ruling.

4. *Same.*—The judgment entry stated and considered and held insufficient to justify an inference that the non-suit was taken because of adverse rulings, so as to authorize an appeal from the judgment.

APPEAL from Henry Circuit Court.

Heard before Hon. A. A. EVANS.

Assumpsit by J. B. Long against W. R. Holley and others. Plaintiff took a non-suit, and appeals. Dismissed.

WILLIAM C. OATES and W. O. LONG, for appellant. Acts 1903, p. 34 answers the motion to dismiss the appeal. Counsel discuss the matters presented by assignments of error, but without citation of authority.

ESPY & FARMER, and MIKE SOLLIE, for appellees. Under all the authorities on this subject, before an appeal can be taken under said section, a non-suit must be first taken. If a non-suit is not taken, there can be no appeal under this Section. 4 Vol. Mayfield Digest pages 320-321-322. In this case a non-suit was not taken. The language of the Judgment Entry is: The plaintiff makes known to the court that he will take a nonsuit." There should have been some words of adjudication such as "It is ordered," or "Considered" or "Adjunded that the plaintiff go hence,"—*Crawford v. Crawford,* 119 Ala. 35; *Carter v. Long Bros.,* 125 Ala. 280; *Carterledge v. Sloan,* 124 Ala. 596; *Jasper Mercantile Co. v. O'Rear,* 112 Ala. 253. If a non-suit was not taken, then there can be no revision by this court of the acts of the lower court in sustaining the demurrer to the replication, because there was a plea of the general issue still in the record on which appellant should have joined issue and proceeded to trial. This precise question is

settled in the case of *Andrews v. Hall*, 132 Ala. 320. See also, authorities cited by Judge McClellan in that case. However, if the Court should differ with us on the point that a non-suit was not taken, still, this appeal will not lie, because it does not sufficiently appear that the non-suit was taken in consequence of the ruling on the demurrer, although a non-suit be taken, unless it appears that the non-suit is taken as a result of a ruling which is sought to be revised in the appellate court, no appeal will lie.—*Tate v. McCreary*, 21 Ala. 499; *Wood v. Coleman*, 56 Ala. 583; *Downs v. Mincheu*, 30 Ala. 86.

McCLELLAN, J.—The appeal is assumed to be from a non-suit suffered because of adverse rulings by the court upon pleadings in the cause. There is no bill of exceptions. The appellee moves the dismissal of the appeal, and for the reasons to be stated the motion is granted.

The judgment entry, entire, is as follows: "Defendant has leave to withdraw pleas No. 3 and No. 4, and to file plea A, which is done. Demurrer to replication is sustained. Plaintiff has leave to strike from complaint allegation of waiver of exemptions as to personal property, which is done. Plaintiff has leave to amend by adding common counts in assumpsit, which is done. Plaintiff takes a non-suit. Came the parties by their attorneys, and the plaintiff makes known to the court that he will not further prosecute this cause and that he will take a non-suit. It is thereupon considered, ordered, and adjudged by the court that the defendants recover of the plaintiff the costs in this behalf expended, for which let execution issue. It is further ordered by the court that the plaintiff has 60 days in which to prepare and present bill of exceptions."

The only source of right to appeal from a judgment of non-suit, voluntarily taken, is found in Code 1896, § 614, as amended by act approved February 2, 1903 (Acts

[Long v. Holley, et al.]

1903, p. 34. In order to avail of this right of appeal, a condition precedent thereto is that the non-suit taken must have been necessitated by adverse rulings of the court, either on matters pertaining to the pleadings in the cause or on matters properly presentably by bill of exceptions. Obviously, when compared with previously existing statutes, or read alone, the amendment made by the act of 1903 wrought no change in the right of appeal in this particular. That the defined necessity intervened to induce the non-suit must be shown, that the right to appeal may appear is clear.—*Tate v. McCrary,* 21 Ala. 499; *Downs v. Minchew,* 30 Ala. 86. In this judgment entry the only suggestion of adverse action to the plaintiff is that "demurrer to replication is sustained." Such a recital does not import a judgment upon the demurrer to the replication.—*McDonald v. Ala. Mid. R. R.* 123 Ala. 227, 26 South. 165, and cases therein noted.

But, · aside from that imperfection, and assuming that an adverse ruling to the plaintiff on the demurrer mentioned was made by the court, it appears from the entry that subsequently, in sequence, to the ruling on said demurrer, plaintiff sought and secured leave to make several amendments to his complaint. After this it is recited that he "takes (took) a non-suit," and that he formally informed the court "that he will not further prosecute this cause and that he will take a non-suit." Waiving any other considerations in the premises, we are forced to conclude that by no possible construction of the entry can it be said that the non-suit suffered was in consequence of adverse rulings of the court. The entry does not so assert, either directly or inferentially. For aught that appears therefrom, the non-suit was the result of circumstances wholly independent of the court.

[McCrary v. Brown.]

This court had occation, in *Tate v. McCrary*, 21 Ala. 499, to treat in substance this statute and to determine the sufficiency of the judgment entry in respect of recital of the necessity to take the non-suit. There the entry was, "This day came the parties by their attorneys, and the plaintiffs voluntarily suffer a non-suit" By the bill it was shown that a deed offered by plaintiff was excluded, on objection, by the court, exception was reserved thereto, bill of exceptions was tendered and signed, "and the plaintiffs then took a non-suit." Ruling on this status, the court said: "Neither the bill of exceptions, not the judgment entry, nor, indeed, any part of the record, informs us that the non-suit was taken on account of the decision of the court." The writ of error was therefore, and for that reason, dismissed. We interpret *Downs v. Minchew*, 30 Ala. 86, to be in accord with *Tate v. McCrary, supra,* though the court found from the bill and entry that the cause for taking the non-suit there was the ruling of the court.

As said, the record in hand is silent as to the cause of the non-suit, and we, of course, cannot supply the deficiency. It follows that the appeal is dismissed.

Appeal dismissed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.