(121 So. 49)

CITY OF MOBILE v. BOARD OF REVENUE AND ROAD COM'RS OF MOBILE COUNTY. (1 Div. 496.)

Supreme Court of Alabama. March 21, 1929.

Vincent F. Kilborn, of Mobile, for appellant.

J. H. Webb, of Mobile, for appellee.

FOSTER, J. This is an action by the appellant against appellee, brought in February, 1919. Demurrers were promptly filed to the complaint, and on May 3, 1919, were sustained by the court. The action remained in that condition until it was set for trial on November 20, 1922. The record shows it "was taken out of the call." It was again set for trial "on the merits" February 5, 1923, and passed because the city attorney was absent from the city. It was again set for trial on May 31, 1926, and "passed on that day, at the instance of the plaintiff, the case to be disposed of in June." It was again set for October 10, 1927, and "on that day taken out of the call to be reset in the November settings." It was reset for November 8, 1927. On November 4, 1927, appellant filed a motion to amend the complaint, and appellee promptly filed objection, for the reason that appellant had been guilty of inexcusable delay and laches in not doing so earlier, but waiting more than eight years after the demurrer was sustained. The motion came on for hearing. On the hearing defendant offered a rule of the court (No. 19) requiring "demurrers and pleadings in civil actions at law *subsequent to the plea*," to be filed within five days after the last ruling of the court. This rule does not seem to apply to the situation here presented. It was all the evidence offered on the hearing of the motion. The court thereupon denied appellant leave to amend the complaint, to which ruling it excepted. "On account of the adverse rulings of the court on the pleadings," appellant took a nonsuit "with bill of exceptions." By this appeal it seeks to review the ruling of the court on its motion to amend, and on the demurrer to the complaint which had been sustained in May, 1919.

Appellee insists, and the court took the view, that appellant was barred from his right to amend by the delay of eight or more years after the demurrer was sustained. Appellee has not argued that by such delay the cause was discontinued. Such claim is doubtless foreclosed by the decisions of this court. Lewis v. Martin, 210 Ala. 401, 98 So. 635; Ex parte Driver, 51 Ala. 41; Ex parte Owens, 52 Ala. 473; Farr v. State, 135 Ala. 71, 33 So. 660; Smith v. State, 149 Ala. 53, 43 So. 129; Ex parte Doak, 188 Ala. 406, 66 So. 64; Wright v. State, 12 Ala. App. 253, 67 So. 798.

"A discontinuance can only be predicated of some positive act of the actor in the proceeding, or in consequence of the actor's failure or omission to perform some precedent duty enjoined upon the actor by law." Ex parte Doak, supra (page 414 of 188 Ala. [66 So. 67]); Ex parte Holton, 69 Ala. 164, 168; Ex parte Humes, 130 Ala. 201, 203, 30 So. 732. Alabama has not followed the extreme views of the common law on that subject. Ex parte Holton, supra.

There has never been a motion to dismiss the cause for want of prosecution so far as the record shows. We must therefore assume that the delay in hearing it was not objectionable to defendant. Under our system of practice, it is customary to file an amendment to a complaint in an action at law as incidental to its trial. What occurred in this respect when the demurrer was sustained does not appear. No objection is shown to any delay or failure to amend until the case seriously came on for hearing. At this time such amendment would be the proper procedure, if desired, but not necessarily before then. Appellee offered no evidence showing that the allowance of the amendment would work injustice to it. Section 9513, Code, directs that an amendment must be allowed "unless injustice will thereby be done." Section 9516 provides that "either before or after judgment on demurrer, the court must permit an amendment." There is now a limitation in the last sentence of section 9513 not material here. The judgment of the court denying the amendment is based upon the long delay in presenting it. It is our conclusion that the delay herein mentioned was not a sufficient reason for the refusal to allow the amendment.

Appellant also seeks to review the judgment of May 3, 1919, sustaining demurrer to the complaint, as being one of the rulings of the court which superinduced the nonsuit under section 6431. Appellant concedes the principle that only rulings superinducing the nonsuit are subject to review under the statute. Engle v. Patterson, 167 Ala. 117, 52 So. 397; Priebe v. Southern R. Co., 189 Ala. 427, 66 So. 573; Berlin M. Works v. Ewart L. Co., 184 Ala. 272, 63 So. 567; Schillinger v. Wickersham, 199 Ala. 612, 75 So. 11. Appellant relies on the rule that, when a nonsuit is taken because of the cumulative effect of several rulings on pleadings, each of the rulings may be assigned and considered. Russell v. Garrett, 208 Ala. 92, 93 So. 711; Garner v. Baker, 214 Ala. 385, 108 So. 38; Berlin v. Ewart, supra. This court has held that, where plaintiff filed an amended complaint after demurrer was sustained to his original complaint, instead of declining to plead further, the sustaining of the demurrer was not reviewable on an appeal from the judgment of nonsuit following the judgment sustaining demurrer to such amended complaint, in view of the provisions of section

6431. Alabama Great Southern R. Co. v. H. Altman & Co., 191 Ala. 429, 67 So. 589. It is not made to appear in the report of that case that the judgment showed what ruling of the court caused the nonsuit.

In the case of Schillinger v. Wickersham, supra, this court on that subject, said: "Such nonsuit with bill of exceptions does not present for review all of the rulings *theretofore made by the court on the pleadings*, or on the introduction of evidence, as the case may be, but only that ruling or rulings going to the right of the plaintiff to proceed in his effort for recovery. Of course, where several adverse rulings, taken together, superinduced the nonsuit, and *such fact or necessity is apparent by the record or the bill of exceptions, such adverse rulings will be considered on appeal*."

In the case of Berlin M. Works v. Ewart, supra, there was an adverse ruling on demurrers to the pleas, followed by an adverse ruling on demurrer to replications. The judgment entry recites that on account of adverse rulings on the pleadings plaintiff takes a nonsuit. It was held that rulings on the pleas and replications were both assignable.

In Russell v. Garrett, supra, there were rulings adverse to plaintiff on demurrer to numerous pleas; the rulings were made to the pleas by separate orders on different dates and after the pleas had been amended. The order was that the nonsuit was caused by overruling "plaintiff's demurrers to the special pleas." It was held that all such rulings were thereby adjudged to have caused the nonsuit.

In the case of Garner v. Baker, supra, the court sustained demurrers to counts 1 and 2, and plaintiff filed counts 3 and 4, and the court sustained demurrers to them, and on the same day plaintiff filed counts 5 and 6; and the court sustained demurrers to them. The plaintiff took a nonsuit, the record recites on account of the "adverse rulings of the court in sustaining defendant's demurrers to counts 1, 2, 3, 4, 5 and 6, respectively and separately." The court held that the recital of the judgment as to the rulings causing the nonsuit is conclusive.

■■ It becomes necessary for us to interpret the recitals of the judgment of nonsuit shown in this record, to determine what rulings superinduced such nonsuit. It appears that the length of time after the ruling sought to be reviewed is not controlling. Smith v. Louisville & N. R. Co., 208 Ala. 440, 94 So. 489. The judgment entry does not specify with particularity the ruling, but only bases the necessity for a nonsuit on "the adverse rulings of the court on the pleadings." Referring to the record, we find an adverse ruling eight years before on demurrer to the complaint. There was no nonsuit until plaintiff attempted to amend the complaint, and was denied that right. The ruling which in

the language of Schillinger v. Wickersham, supra, went to "the right of the plaintiff to proceed in his effort for recovery," was the refusal of the court to allow plaintiff to amend the complaint. In the absence of a specific recital in the judgment that the ruling on the demurrer to the complaint rendered in May, 1919, was one of the inducements to the nonsuit, we are loath to so hold. If the judgment does not so plainly recite, the court must for itself determine, within the recitals thereof (Long v. Holley, 157 Ala. 514, 47 So. 655), just what was the ruling or rulings which obstructed plaintiff's "right * * * to proceed in his effort for recovery." From that standpoint, it appears to us that such ruling was the action of the court in denying the amendment. If this were not true, on such appeal, we would open the way to a consideration of all the rulings prior to the nonsuit, contrary to the uniform decisions of this court.

As a result of our conclusion, appellant is allowed to file the amendment. This has the effect of permitting appellant to proceed on its way to a recovery, by brushing aside the particular impediment which stopped it.

On account of the refusal of the court to allow the amendment, we hold that it erred. The cause is therefore ordered to be reinstated, and appellant is permitted to file its amendment, and it is remanded to the circuit court for further proceedings.

Reversed, rendered, and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.