# Allen v. The State.

## *Indictment for Murder.*

1. *Appeal in criminal case; does not lie from sentence of death.*— The statute relating to appeals by defendants in criminal cases (Code §4313), authorizes an appeal only from a judgment of conviction; and an appeal is not authorized to be taken from a sentence of death pronounced by the court under the statute authorizing the re-sentence of one, who by reason of his flight, had not been executed, pursuant to a previous sentence of death (Code § 5439); and an appeal from such sentence will be dismissed.

APPEAL from the Circuit Court of Perry.

Tried before the Hon. JOHN MOORE.

The facts of this case are sufficiently stated in the opinion.

WM. F. HOGUE, for apellant.

MASSEY WILSON, Attorney-General for the State.

DOWDELL, J.—The appellant was indicted at the fall term 1898, of the Circuit Court of Perry County, for the murder of one Peter Munder; was tried and convicted at the fall term 1899, of murder in the first degree, and the death penalty was fixed by the jury. There

was a judgment and sentence by the court pursuant to the verdict, and November 3rd, 1899, was fixed as the day for the execution of the sentence, but the defendant having prayed an appeal to the Supreme Court, at his instance the court made an order suspending the execution of the sentence, pending an appeal and until the same was passed upon by this court. On October 10th, 1899, the defendant escaped from custody and remained at large until September 13th, 1903, at which time he was captured and remanded to the custody of the sheriff of the county. At the fall term 1903, the solicitor moved the circuit court to order the sheriff to produce the defendant in court and for the court to fix a day for the execution of the defendant under the former judgment of conviction, as provided by section 5439 of the Criminal Code. The defendant objected to the granting of said motion on the ground that an appeal had been taken to the Supreme Court from the judgment of conviction, and that the same was still pending and undisposed of, and that the circuit court was without jurisdiction and authority to pass a legal sentence upon him until the determination of such appeal. It was shown that at the time of the escape and flight of the defendant no certificate of appeal had been made by the clerk of the circuit court to this court, and nothing was ever afterwards done in the prosecution of such appeal. The circuit court overruled the defendant's objection to the motion and sentenced the defendant to be executed on the 8th of January, 1904. From this sentence of the court the present appeal is taken.

Section 4313 of the Criminal Code, relating to appeals by defendants in criminal cases, reads as follows: "Any person convicted of a criminal offense in the circuit court, or other court from which an appeal lies directly to the Supreme Court, may appeal from the judgment of conviction to the Supreme Court." It will be observed, that the statute authorizes an appeal only from the judgment of conviction. The present appeal is not taken from the judgment of conviction, but from the sentence of the circuit court made under section

5439 of the Criminal Code, appointing a day for the execution of the defendant. And as no appeal lies from. such an order, this court is without jurisdiction to review the case, and it follows that the appeal must be dismissed.

Appeal dismissed.