# Wright *v.* The State.

## *Violating Prohibition Law.*

(Decided December 15, 1915. Rehearing denied January 12, 1915. 67 South. 798.)

1. *Courts; Resentence; Jurisdiction; Continuance.*—Where a defendant was convicted, and appealed to the Court of Appeals, where the judgment of the trial court was annulled, and the cause remanded with direction to resentence the defendant, the proceedings remained undetermined in the trial court when it adjourned for the term, but after the mandate had been received, and the case was continued by operation of law to the next term, at which time the court could resentence the defendant in accordance with the mandate.

2. *Appeal and Error; Orders Appealable; Criminal.*—Where the defendant appealed from a conviction, and the appellate court reversed the cause back to the judgment, with direction to the trial court to resentence the defendant, a sentence pronounced by the trial court in accordance with such mandate will not sustain an appeal under section 6244, Code 1907.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Alf Wright was convicted of crime, and on appeal the judgment was reversed with a mandate to the court be-

low to resentence the defendant in accordance with law. From a sentence to hard labor pronounced in pursuance to the mandate. (See 9 Ala. App. 79, 64 South. 173) the defendant appeals. Appeal dismissed.

FINCH & PENNINGTON, for appellant. The court had not power to alter the prior judgment after the adjournment of the term at which it was rendered.—*In re Newton,* 94 Ala. 431; *Cofer v. The State,* 52 South. 934; *Lacy v. Hendricks,* 51 South. 157. An appeal will lie from such an order.—Authorities supra.

W. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the state. The sentence was in accordance with the mandate of the court. —*Wright v. The State,* 9 Ala. App. 79. An appeal will not lie from the resentence, as it is not within the provisions of § 6242, Code 1907.—*Allen v. The State,* 141 Ala. 35; *Palmer v. The State,* 168 Ala. 124.

BROWN, J.—The appellant was indicted at the spring term, 1913, of the Walker county law and equity court for a violation of the prohibition law, and on the 7th of July thereafter was convicted of that offense, and a fine of $50 assessed against him. Failing to pay the fine or to confess judgment therefor, he was sentenced to hard labor for a period of 20 days to pay the fine, and, as an additional punishment for the offense, to hard labor for the county at the rate of 75 cents per day for the payment of the costs; but the judgment of the court did not ascertain the number of days the defendant was required to serve for the payment of costs. From that judgment and sentence, he prosecuted an appeal to this court, and on the 18th day of December, 1913, the judgment was in all things affirmed, except as to the sen-

tence to hard labor for the payment of costs; that part of the sentence being reversed and annulled, and the cause remanded, with directions to the trial court to have the defendant brought into court in order that a proper sentence might be pronounced against him for the payment of the costs.—*Wright v. State,* 9 Ala. App. 79, 64 South. 173.

The certificate embodying the mandate of this court was issued on the 20th of December, 1913, and was received and filed by the clerk of the trial court on the 24th day of December, during the same term of that court at which the judgment of conviction was rendered. The next term of the law and equity court began on the 1st day of January, 1914, and on the 5th of January, 1914, the defendant was brought into open court and a sentence pronounced against him, in accordance with the mandate of this court. There is in the record what purports to be a bill of exceptions, showing that the ground urged by the defendant why he should not be re-sentenced was that the law and equity court, having adjourned for the term at which the judgment of conviction was rendered, had no power at a subsequent term to impose the sentence in accordance with the mandate of this court, citing, in support of this contention, *In re Newton,* 94 Ala. 432, 10 South. 549.

We are not unmindful of the general rule that a court is without power to alter, vary, or annul its final judgments or decrees after the close of the term at which rendered, except for the correction of clerical misprisions or amendments, the evidence of which the record affords. —*Sweney v. Tritsch,* 151 Ala. 242, 44 South. 184. This rule, however, has no application when the continuity of the proceedings is maintained by an appeal regularly taken from such final judgment resulting in the annulment of such final judgment in any respect, and a re-

mandment of the cause by the appellate court for further proceedings in accordance with the mandate of the appellate court.—*State, ex rel. Attorney General v. Gunter,* 11 Ala. App. 399, 66 South. 844.

When an appeal is taken from a judgment of a nisi prius court, it is the duty of the clerk of the trial court to retain the case on the docket, and if this is not done, in the event the case is remanded for further proceedings in the trial court, it is the duty of the clerk of the trial court to redocket the case, and when the court adjourns for the term, if a special·order of continuance is not entered in that case, the continuity of the proceedings is preserved by a general order of continuance, which it is the duty of the nisi prius court to make. The record in this case does not purport to set out all the proceedings of the trial court, and in the absence of a positive showing in the record that the clerk of the trial court failed to perform his duty, this court would indulge the presumption that he did (Jones on Evidence, § 45), but it is not necessary to the validity of the proceedings in this case that this presumption be indulged. By the appeal and the reversal of the sentence of the trial court at the instance of the defendant and the remandment of the cause for proper sentence, the proceedings were still in fieri, and when the law and equity court adjourned for the term, the case was continued by operation of law until the next succeeding term.—4 Ency. Pl. & Pr. 830; *Greer v. McGehee,* 3 Port. 398; *Ex parte Driver,* 51 Ala. 41; *Ex parte Owens,* 52 Ala. 473; *Clemens v. Judson,* Minor, 395. This distinguishes the case from the case of *Ex parte Newton, supra,* relied upon by the appellant. In that case, the trial court rendered a judgment on the verdict of the jury, adjudging the defendant guilty and assessing the fine fixed by the verdict as a punishment for the offense, without imposing

the alternative sentence to hard labor in default of pay-
ment of the fine and costs, and, immediately after the
rendition of that judgment, the defendant took an ap-
peal therefrom to the Supreme Court, and entered into
a bond with surety for her appearance to abide the judg-
ment of the Supreme Court.  The judgment of the trial
court was affirmed in the Supreme Court, and thereby
the judgment of the trial court was merged into the
judgment of affirmance.  There being no remandment,
as in this case, that was an end to the proceeding, and
the trial court in that case had no authority at a subse-
quent term to impose the alternative sentence to hard
labor in default of payment of the fine.  We hold, there-
fore, that the law and equity court had authority, and it
was its duty, to impose a sentence in accordance with
the mandate of this court.—*State, ex rel. Attorney Gen-
eral v. Gunter, supra.*

Section 6244 of the Criminal Code, giving the right of
appeal to persons convicted of crime, provides:  "Any
person convicted of a criminal offense in the circuit
court, or other court from which an appeal lies directly
to the Supreme Court, may appeal from the judgment
of conviction to the Supreme Court."

The appeal in this case is from the sentence to hard
labor pronounced by the court against the defendant for
the payment of the costs after the cause was remanded by
this court to the trial court with directions to pronounce
that sentence, and the Attorney General has made mo-
tion to dismiss the appeal on the ground that that sen-
tence will not support the appeal.  The statute only au-
thorizes an appeal from the judgment of conviction, and
the defendant has exercised that right by his first appeal
to this court, and the judgment of conviction has been af-
firmed.  No appeal is authorized by the statute from the
sentence to hard labor pronounced by the trial court, in

pursuance of the mandate of this court (*Allen v. State,* 141 Ala. 35, 37 South. 393), and the motion of the Attorney General to dismiss the appeal is granted.

Appeal dismissed.