# Bryant *v.* The State.

### Gaming.

(Decided December 15, 1915.  Rehearing denied January 11, 1916.
70 South. 961.)

**Appeal and Error; Order Supporting; Sentence.**—An appeal from a judgment of sentence alone confers no jurisdiction on the Appellate Court to review; the facts in this case being that the original cause was remanded for resentence only, and this appeal is attempted from the judgment imposing a proper sentence.

[Turner v. The State.]

APPEAL from Jefferson Criminal Court.

Heard before Hon. H. P. HEFLIN.

R. Leonard Bryant was convicted of keeping a gaming table, and on appeal from this conviction the cause was affirmed except as to the sentence, and remanded for proper sentence. From the judgment of sentence imposed, defendant appeals. Appeal dismissed.

(This cause was reviewed by the Supreme Court upon petition for writ of certiorari, and the certiorari was denied. See *Ex parte Bryant v. The State,* 195 Ala. 698, 70 South. 1012.— Reporter.)

SMITH & WILKINSON, for appellant. W. L. MARTIN, Attorney General, for the State.

BROWN, J.—On appeal to this court at a former term the judgment of conviction was affirmed, and the judgment of sentence annulled, and the case remanded, with direction to the trial court to resentence the defendant.—*Bryant v. State,* 13 Ala. App. 206, 68 South. 704. After the case was remanded, the defendant was brought into court and sentenced in accordance with the mandate of this court, and he appeals from that judgment.

It is settled that the judgment of sentence alone will not support an appeal, and an appeal therefrom confers no jurisdiction on this court to review the sentence.—*Wright v. State,* 12 Ala. App. 253, 67 South. 798; *Allen v. State,* 141 Ala. 35, 37 South. 393.

The appeal is therefore dismissed.

Appeal dismissed.