(116 So. 367)

Ex parte BEAIRD.

BEAIRD v. STATE.

(7 Div. 722.)

Supreme Court of Alabama.   March 29, 1928.

1. **Evidence** ☞41—Court judicially knows date when term of circuit court expired, prior to Christmas holiday, and when next regular term commenced (Code 1923, § 6667).

Court judicially knows date at which term of circuit court expired, under Code 1923, § 6667, prior to Christmas holiday, and date at which next regular term commenced after new year.

2. **Criminal law** ☞996(2)—Court, after finally disposing of case, generally has no authority after expiration of term to modify judgment.

As general rule, when court exhausts its jurisdiction in the final disposition of a case, it has no authority after the expiration of the term to alter or modify its judgment, except to correct clerical error or amend nunc pro tunc so as to make the record speak the truth.

3. **Courts** ☞113—Clerks of circuit courts may not make entries of court's minutes during court's vacation.

Clerks of circuit court have no authority to make entries on the minutes of the court while the court is in vacation, though such entries are made in accordance with the bench notes of the trial judge.

4. **Criminal law** ☞994(3)—Court retains jurisdiction to render final judgment after expiration of term, where proceedings are in fieri.

So long as proceedings in a pending cause are in fieri, the court retains its jurisdiction and authority to complete the proceedings and render a final judgment disposing of the controversy, after the expiration of the term.

5. **Criminal law** ☞994(3)—Motion for new trial at next term held to waive failure to enter on docket order postponing sentence (Code 1923, § 6667).

If general order of continuance, entered on court's minutes, was ineffectual to prevent discontinuance of criminal case after end of term under Code 1923, § 6667, from failure of court to enter special order postponing day of sentence, granted at the instance of defendant, discontinuance was waived by action of defendant in presenting motion for new trial after commencement of next regular term.

6. **Criminal law** ☞977(3)—General order of continuance held to give circuit court jurisdiction to pronounce judgment and sentence at succeeding term, where court postponed day of sentence on defendant's application (Code 1923, § 6667).

Where, after trial and conviction, trial judge made entry on docket of verdict and punishment, but postponed day of sentence on defendant's motion, and clerk failed to record judg-

---

ment on the minutes during the term, case was pending and undetermined at time term ended, under Code 1923, § 6667, and general order of continuance regularly entered on court's minutes preserved the continuity of proceedings, and gave circuit court jurisdiction to pronounce judgment of conviction and sentence at succeeding term.

**7. Criminal law ⬡⟿994(3)—Clerk's entry of judgment on minutes following court's pronouncement of conviction and sentence at succeeding term held authorized, where sentence was postponed under general order of continuance (Code 1923, § 6667).**

Where clerk had failed to record on the minutes judgment on jury's verdict following court's docket entry at time of expiration of term, under Code 1923, § 6667, and sentence was postponed until following term under general order of continuance, clerk was acting within his authority in entering judgment of conviction and sentence on minutes of the court under court's pronouncement of judgment of conviction at succeeding term.

Original petition of Homer Beaird for mandamus to Hon. O. A. Steele, as Judge of the Circuit Court of Etowah County, to expunge a record entry of defendant's conviction for murder. Writ denied; petition dismissed.

Street, Bradford & Street, of Guntersville, for appellant.

The clerk was without authority to enter the pretended minutes of December 6th and December 10th at the time he did so. After expiration of the term, the clerk cannot enter even a proper minute without a formal and explicit order from the court that he do so and directing just what such minutes shall contain. Wynn v. McCraney, 156 Ala. 630, 46 So. 854; Lockwood v. Thompson, 198 Ala. 295, 73 So. 504; Robertson v. King, 120 Ala. 459, 24 So. 929; Campbell v. Beyers, 189 Ala. 307, 66 So. 651; 15 C. J. 976. The bench entries of December 6th and 10th did not warrant the clerk in embracing in the minutes a recital of the personal presence of defendant.

Charlie C. McCall, Atty. Gen., for respondent.

Brief did not reach the Reporter.

BROWN, J. This is an original application for mandamus to the circuit court of Etowah county, after application for relief had been made to that court by the petitioner and refused, to compel the expunction of certain alleged spurious entries made by the clerk on the minutes of the court in the case of the petitioner, who had been indicted, tried, and convicted for the offense of murder.

The facts, so far as they are material to the question presented, are: The petitioner was put on trial, under the indictment against him, before a jury, on December 6, 1926, and the trial continued from day to day until the 10th day of December, 1926, resulting in a verdict of guilty of murder in the second degree, and fixing the punishment at 23 years in the penitentiary. On the return of the verdict the trial judge made the following entry on the trial docket:

"December 10, 1926. Jury and verdict of guilty of murder in the second degree, punishment fixed by the jury at 23 years in the state penitentiary."

It is admitted by the petitioner that the day of sentence was, on his motion, postponed until the 3d day of January, 1927, and that an oral order to this effect was announced from the bench, but this order was not noted on the trial docket, nor entered on the minutes of the court.

The clerk failed to record on the minutes the judgment on the verdict of the jury during the term, but did enter a general order continuing all cases pending and undetermined, to the next term of the court.

In the motion made by the petitioner in the trial to expunge, a transcript of which is made a part of the petition here, it is averred "that on the 3d day of January, 1927, said court, before *pronouncing judgment* of *conviction and sentence* on petitioner, did overrule a motion, then and there submitted, for a new trial, and also a motion in arrest of judgment, and also after the pronouncement of judgment of conviction and sentence, and before petitioner took his appeal to the Supreme Court, the petitioner did, by leave of the court, refile his said motion for a new trial, and the same was again overruled by the court."

The entry expressing the judgment of conviction on the verdict of the jury, and reciting the presence of the defendant in court, was entered upon the minutes by the clerk of the court, or by his authority, "some time subsequent to the 3d day of January, 1927." It is this entry that petitioner seeks to have expunged, on the ground, as we understand his contention, that the entry made by the clerk on the minutes after the adjournment of the court for the term ending December ——, 1926, was without legal authority.

[1] We judicially know that the term of the circuit court in which the verdict in petitioner's case was returned expired, by operation of law, on the last Saturday before Christmas Day, 1926, and that January 3, 1927, was the first day of the next regular term of the circuit court. Code of 1923, § 6667. So the question is: What, if any, authority resided in the clerk of the court to record the judgment of the court on the minutes, at the succeeding term, after the judgment of conviction and the sentence of the law were pronounced by the court on January 3, 1927?

[2] The general rule is that, when a court

---

⬡⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

exhausts its jurisdiction in the final disposition of a case, in the absence of a statute otherwise providing, it has no authority after the expiration of the term to alter or modify its judgments, except for the correction of clerical misprision, or to amend nunc pro tunc so as to make the record speak the truth. Ex parte State (In re Newton), 94 Ala. 431, 10 So. 549.

[3] It is also the rule in our jurisdiction that clerks of circuit courts have no authority to make entries on the minutes of the court while the court is in vacation, though such entries are made in accordance with the bench notes of the trial judge; this for the reason that the statute contemplates that all such entries shall be made in term time under the supervision of the court. Wynn et al. v. McCraney, 156 Ala. 630, 46 So. 854; Campbell v. Beyers, 189 Ala. 307, 66 So. 651; Lockwood v. Thompson & Buchmann, 198 Ala. 295, 73 So. 504; Wilder v. Bush, 201 Ala. 21, 75 So. 143; 15 C. J. 976, § 395.

[4] On the other hand, so long as the proceedings in a pending cause are in fieri, the court retains its jurisdiction and authority to complete the proceedings and render a final judgment disposing of the controversy. Charles v. State, 4 Port. 107; Clanton v. State, 96 Ala. 111, 11 So. 299; Wright v. State, 12 Ala. App. 253, 67 So. 798; Bachelor v. State, 216 Ala. 356, 113 So. 67; Note, 3 A. L. R. 1012; Miner v. United States, 244 F. 422, 157 C. C. A. 48, 3 A. L. R. 995.

[5] If it should be conceded that the general order of continuance entered upon the minutes of the court was inefficacious to prevent a chasm, and a discontinuance resulted from the failure of the court to enter upon the trial docket the special order postponing the day of sentence, at the instance of the petitioner, or caused the same to be entered upon the minutes, the action of the petitioner in presenting the motion for a new trial was a waiver of the discontinuance. Clanton v. State, supra; Torrey v. Forbes, 94 Ala. 135, 10 So. 320; Ex parte Hall, 47 Ala. 675; Walker v. Cuthbert & Stanly, 10 Ala. 213.

[6] The petitioner's case was pending and undetermined when the court adjourned for the (1926) term, and the general order of continuance regularly entered upon the minutes of the court preserved the continuity of the proceedings and the circuit court's jurisdiction to pronounce the judgment of conviction and sentence at the succeeding term. Charles v. State, supra; Clanton v. State, supra; Wright v. State, 12 Ala. App. 253, 67 Sd. 798; and cases cited in note 3 A. L. R. 1012.

[7] After the pronouncement of the judgment of conviction on the verdict of the jury, at the January term (1927), it became the clerk's duty, and he was acting within his authority in entering the judgment on the minutes of the court.

The peremptory writ of mandamus is therefore denied, and the petition dismissed.

Mandamus denied; petition dismissed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.