74 So.2d 640

## POUNDERS v. STATE.

### 8 Div. 431.

Court of Appeals of Alabama.

June 29, 1954.

Rehearing Denied Sept. 9, 1954.

Harry Strange, Russellville, for petitioner.

688

Si Garrett, Atty. Gen., and Arthur Joe Grant, Asst. Atty. Gen., for the State.

PRICE, Judge.

The defendant was convicted of reckless driving in the Franklin Law and Equity Court. A fine of $25 was assessed against him and an additional punishment of sixty days in the county jail was imposed. The fine and cost not having been paid, nor judgment confessed therefor, the trial court sentenced defendant to a term of twenty days in the county jail to pay the fine, and an additional term in the county jail to pay the costs. From such judgment of conviction the defendant appealed to this court. The appeal resulted in an affirmance of the judgment of conviction. There being no provision in the statute for the sentencing of defendant to the county jail to pay the costs, the cause was remanded so that he might be sentenced in conformity with the statute. Pounders v. State, Ala.App., 67 So. 2d 282 [1]. After remanded, the defendant was brought into court and sentenced in accordance with the mandate of this court.

The defendant filed a petition praying that a writ of error issue to the end that this court will "cause to be vacated the judgment and sentence of the Law and Equity Court of Franklin County, dated 21 September 1953, and you further cause the Petitioner as the convict to be discharged." In addition to the petition for writ of error the defendant appeals from that judgment.

"It is settled that the judgment of sentence alone will not support an appeal, and an appeal therefrom confers no jurisdiction on this court to review the sentence. Wright v. State, 12 Ala.App. 253, 67 So. 798; Allen v. State, 141 Ala. 35, 37 So. 393." Bryant v. State, 14 Ala.App. 28, 70 So. 961.

The theory of the petition for writ of error is that: (1) The resentence of petitioner by the trial court constituted a second punishment for the same offense and placed petitioner twice in jeopardy; (2) the imprisonment of petitioner in the county jail and at hard labor for the county involves two separate places of confinement and two kinds of punishment; (3) since there was no preliminary sentence to hard labor petitioner could not legally be sentenced to hard labor for the costs.

Where unauthorized sentence is imposed by the trial court, on appeal the judgment of conviction may be affirmed and the case remanded for proper sentence. Upon remandment the court has full power to pronounce proper sentence and such action does not put the defendant twice in jeopardy for such offense. Ex parte Adams, 187 Ala. 10, 65 So. 514; Ex parte Gunter (State, ex rel. Attorney General v. Gunter), 193 Ala. 486, 69 So. 442.

1. Ante, p. 316.

The hard labor sentence is under the superintendence and control of the Court of County Commissioners, Code 1940, Title 45, § 75; Bragan v. State, 243 Ala. 102, 9 So.2d 123, and is not in effect a sentence to the penitentiary.

Sections 341 and 342, Title 15, Code 1940, provide for imprisonment to enforce the payment of the fine and costs.

In Ex parte Joice & Smith, 88 Ala. 128, 7 So. 3, 4, the court said, "[In Ex parte State] In re Long, 87 Ala. 46, 6 So. 328, the origin, history, and construction of these statutes were fully discussed. The defendant in that case had been convicted of vagrancy, and fined $20, and was sentenced to imprisonment to pay the fine, and to hard labor in default of the payment of costs. It was contended in his behalf, that inasmuch as the offense was punishable by fine only, and no preliminary sentence to hard labor as a penalty for the particular offense itself was authorized, there could be no imprisonment by hard labor to enforce the costs. A strict and technical reading of section 4504 of the Code (1886) [now Title 15, Section 342] seemed to justify this narrow interpretation, but it was repudiated by a majority of the court, and we held, in accordance with the uniform practice of the nisi prius courts, that there could be a lawful sentence to imprisonment by hard labor to satisfy costs without a previous or preliminary 'judgment against the accused that he perform hard labor for the county,' as the letter of the statute apparently requires." In the Joice case the court held that under this statute a sentence to hard labor for the costs may be imposed when a fine is assessed although the fine is paid and no hard labor adjudged either as original punishment or for the fine.

In the Long case, supra [87 Ala. 46, 6 So. 331], the court in referring to what is now Section 339, Title 15, Code, said: "From the nature of things, since only a money judgment could be confessed and secured, it applies only to cases in which fines are assessed, and, it would seem, necessarily to all cases in which a fine is assessed, whether that be the sole punishment or not."

In this case a fine was assessed for which the court might lawfully have imposed a sentence to hard labor under Section 341 of Title 15, and under the authorities cited, supra, the court correctly sentenced defendant to perform hard labor for the costs.

Appeal dismissed, writ of error denied.