121 So.2d 926

Henry GRIGGS

v.

STATE.

4 Div. 426.

Court of Appeals of Alabama.

June 30, 1960.

J. Fletcher Jones and A. R. Powell, Jr., Andalusia, for appellant.

MacDonald Gallion, Atty. Gen., and Winston Huddleston, Supernumerary Circuit Sol., Wetumpka, for the State.

PRICE, Judge.

Defendant was, in a non-jury trial, convicted of possessing prohibited liquors or beverages. Code 1940, Title 29, Section 98.

The question of the sufficiency of the evidence to sustain the judgment, not having been raised in the trial court, is not before us for consideration. Fendley v. State, 36 Ala.App. 149, 53 So.2d 397.

After the court had found defendant guilty as charged the solicitor was allowed, over objection, to offer proof that defendant had previously pleaded guilty to a like offense. The trial judge assessed a fine of $100, to which punishment he added six months imprisonment in the county jail.

The indictment did not contain an allegation that it was a second offense. Appellant contends that in the absence of such an averment it was improper to allow proof of a former conviction. It is also insisted that, a previous conviction having been shown, the court erred in sentencing defendant to imprisonment in the county jail instead of to imprisonment at hard labor.

Title 29, Section 99, Code 1940, provides that the court, in its discretion, may add imprisonment in the county jail or hard labor for not more than six months for the first conviction, and upon a second conviction accused may be punished by imprisonment, in addition to a fine, at hard labor for not less than three months nor more than six months.

In Yates v. State, 245 Ala. 490, 17 So.2d 777, it is said: "When there is no averment in the indictment or complaint as to the former conviction, as we have noted, it is discretionary with the trial judge whether he will inquire into the matter and impose the more severe sentence." See also Johnson v. State, 222 Ala. 90, 130 So. 777; Fendley v. State, supra.

There is no recital in the judgment entry that the court ascertained from the evidence that defendant was a second offender. Since no hard labor sentence was imposed it must be deemed that the punishment imposed was for a first offense. It is obvious that the court, after considering the evidence offered on the question of a prior conviction, determined that the additional punishment provided for a second conviction should not be imposed. If such action of the court constituted error, it was error without injury to defendant. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

The fine and costs not having been paid, the court sentenced defendant to 30 days for the fine and 85 days to pay the costs, all in the Covington County jail. Title 15, Section 342, Code 1940, provides for imprisonment at hard labor to satisfy the costs. There is no provision in the statute for sentencing a defendant to the county jail to pay the costs. Pounders v. State, 37 Ala.App. 316, 67 So.2d 282; Pounders v. State, 37 Ala.App. 687, 74 So.2d 640.

The judgment of conviction is affirmed. The cause is remanded for proper sentence in conformity with the provisions of Title 15, Section 342, Code, supra.

Affirmed. Remanded for proper sentence.