LEIGH M. CLARK, Retired Circuit Judge.
According to the parties, the only issue on appeal is whether appellant-defendant was denied his right to a speedy trial. Appellant insists that he was and that his conviction of the crime of buying, receiving, or concealing a stolen 1972 Monte Carlo automobile, knowing it to have been stolen, should be reversed and defendant discharged.
The record shows that the conduct of defendant forming the basis for the indictment occurred in April 1976. The record does not show that he was charged with the crime before September 1977. On May 5, 1976, he was sentenced in the Circuit Court of Shelby County, Alabama, on an unrelated charge of grand larceny and was serving such sentence in the Shelby County jail in September 1977, when he was visited by members of Dallas County Circuit District Attorney’s office and questioned concerning his involvement with the 1972 Monte Carlo. According to the testimony of one of the representatives of the office of District Attorney of Dallas Circuit Court, defendant gave them the information as to the names *343 of persons who might in some way have been involved in transactions in April 1976 relative to the Monte Carlo automobile; after such information was considered in connection with further investigation, evidence was presented to the grand jury of Dallas County that resulted in the indictment of defendant, in January 1978. A writ for his arrest was served upon him while still in the Shelby County jail in early February 1978.
In May or June 1978, defendant made known to the jail administrator of the Shelby County jail that he desired arrangements to be made for him to be sentenced in the case against him in Dallas County if the sentence could be concurrent with the sentence he was serving in Shelby County or if he could be released on bond after he had completed the sentence in Shelby County. This information was communicated to the office of the District Attorney in Dallas County, but no action was taken thereon.
Defendant was arraigned on the case now before us on September 15, 1978, and his case was set for trial on November 6, 1978. At the time of his arraignment he filed and presented a “Notice of motion to dismiss indictment defendant deprived of right to speedy trial.” In said document, it was stated that the ground for the motion was “that said indictment was founded in violation of the Sixth Amendment of the United States Constitution because of the fact that Defendant was deprived of a ‘speedy and public trial,’ . . .” Also filed was an “affidavit in support of motion to dismiss indictment,” verified by defendant, in part as follows:
“. . .1 make this affidavit in support of my application to dismiss the indictment herein on the ground that the indictment was obtained in violation of my constitutional right to a speedy and public trial, pursuant to the Sixth Amendment of the United States Constitution.
“. . .1 respectfully submit that this inordinate delay between my arrest and indictment has been such as to unduly prejudice me to my right to a speedy and public trial as guaranteed by the Sixth Amendment of the United States Constitution.”
The motion to dismiss, upon which testimony was taken, was heard on October 27, 1978, and was overruled. For some reason not clearly shown by the record, the case was not tried on November 6, but the trial commenced on December 4, 1978.
Although appellant argues that the interval between the time of the commission of the alleged crime and the time of trial was so great that under all the circumstances it constituted a denial to defendant of a speedy trial, it is to be observed that in the motion presented to the trial court, defendant was exclusively relying upon the interval between the time of the commission of the alleged crime and the return of the indictment. As to this, there is no evidence of any unreasonable delay that is properly chargeable to the prosecution. During that time defendant was in jail on an unrelated matter, and it appears that the authorities in charge of the prosecution of the matter of the particular automobile involved did not know where defendant was until September 1977 and, even then, made no charge against him but continued an investigation with reference to the automobile in the light of information received from him while he was in jail in Shelby County.
As to any delay after the return of an indictment, there was no complaint by defendant, as hereinabove noted, and we see little basis for any complaint at the present time. As indicated above, defendant desired to enter into a “plea bargaining” arrangement with Dallas County authorities, but it does not appear that he wanted to be brought to trial before serving his sentence in Shelby County. This vividly distinguishes this case from Prince v. Alabama, 507 F.2d 693 (5 Cir. 1975), wherein defendant had written three letters to the prosecution authorities, one in 1963, another in 1965 and the third in November 1966, requesting that Alabama withdraw its detainer that it had filed against him in California or dismiss its charges against him so that he could proceed to receive the most favorable *344 treatment and training programs offered by the California Department of Corrections. Moreover, on July 9, 1968, he sent the district attorney in Birmingham, Alabama, a request for a trial upon the charges pending against him. Prince was tried in March of 1972.
In light of the four factors set forth in Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2187, 33 L.Ed.2d 101, 117 (1972), we find that there is no substantial basis for any charge that defendant’s constitutional right to a speedy trial was violated and further that no injury to him occurred by reason of his not being tried prior to the date of his trial.
There was ample evidence to support the verdict. We have found no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All the Judges concur.