The appellant, Dee Dee Scaloni, was convicted for unlawful possession of heroin, a controlled substance, and sentenced to fifteen years imprisonment, and she appeals to this Court.
The appellant was represented by counsel of her choice at all proceedings in the trial court, and is represented in this Court by the same counsel appointed by the trial court. This appeal was submitted to this Court on briefs.
The appellant asserts in her brief that her conviction should be reversed because the trial court erred; by denying the appellant's motion to suppress based on the ground of unreasonable search and seizure; by overruling her motion to dismiss on the ground that appellant was removed from the State of Alabama by Federal Authorities causing the State of Alabama to lose jurisdiction in the case; by the court's refusal to grant appellant's motion for a mistrial on the ground that a witness was allowed to testify that the appellant appeared to be high on drugs; by the court's refusal to grant appellant's motion for a mistrial on the ground that state asked questions concerning, and presented evidence of crimes that were not related to the charge before the court.
Appellant filed a motion to suppress any evidence obtained against her in a search, without a search warrant, of her motel room in Travel Lodge, Montgomery, Alabama, on or about May 18, 1977 because the constitutional rights guaranteed to appellant, both under the Constitution of the United States of America and the Constitution of the State of Alabama, against unreasonable search and seizures, have been violated. On Wednesday, September 21, 1977, the court proceeded to hear the evidence on the motion to suppress. This evidence consumes approximately eighty-three pages in this record, and is fully set out in the opinions of this Court in the cases of Golden, alias v. State, Ala.Cr.App., 361 So.2d 1128 by Tyson, Judge; Certiorari Denied,Ex Parte Golden, Ala., 361 So.2d 1132, and the case ofConsalvo, alias v. State, Ala.Cr.App., 372 So.2d 44 by Harris, Presiding Judge; Certiorari Denied, Ex Parte Consalvo, Ala.Cr.App., 372 So.2d 49. Appellant insists that the trial court erred to her prejudice when it overruled her motion to *Page 588 
suppress. This question together with the identical facts with reference to the search without a warrant of the same premises on the same occasion have been presented to this Court on June 10, 1978 and on May 1, 1979 by the foregoing cases of Golden v.State, and Consalvo v. State, supra. We hold that the trial court did not err to the prejudice of appellant in denying her motion to suppress. The warrantless search of the room occupied by the appellant, together with Holly Golden, and Anna Consalvo, was justified because the evidence fully sustains the trial court's holding that probable cause existed, coupled with exigent circumstances, the destruction of the evidence. Goldenv. State, supra; Consalvo v. State, supra; Daniels v. State,290 Ala. 316, 276 So.2d 441.
The appellant further complains that the trial court erred to her prejudice by overruling her motion to dismiss this charge against her because she was convicted of illegal possession of drugs on September 28, 1977, and was not then sentenced, pending a probation report, and that before sentencing could be carried out the Federal Government removed her from the custody of the State of Alabama without her consent, nor as far as she is aware, the consent of the State of Alabama, and that her attorney was not served with the request. That through no fault of the appellant she has been prohibited from filing an appeal in this cause because of the delay in sentencing, therefore the defendant moves to dismiss the charge. The motion was filed with the Clerk of the Circuit Court on June 19, 1978, submitted to the court on June 29, 1978 without evidence being presented to the trial court in support of the motion. The court overruled the motion on June 29, 1978. On November 9, 1978 the appellant being in open court with her attorney was duly sentenced to the penitentiary for 15 years, to run consecutive with any other sentence she was then serving. On November 21, 1978 appellant filed notice of appeal, and petitioned the court for a free transcript and appointment of counsel for indigent defendants which petitions were granted on November 21, 1978.
On September 28, 1977 when the jury returned its verdict finding the appellant guilty as charged, the court asked the appellant to approach the bench and advised her that the jury had found her guilty and upon the jury verdict the court finds the appellant guilty; that the court was going to delay sentencing pending receipt of a pre-sentence report, and continued the case for sentencing. No objection was made to the continuance by appellant or her counsel.
The appellant argues that the fact that the appellant was removed from the State of Alabama by Federal Authorities caused the State to lose jurisdiction in this case.
After a verdict finding a defendant guilty has been returned in open court by a jury, the court has the power to continue the cause to a later time for the purpose of sentencing the defendant. The mere absence of a defendant from the state does not of itself cause the court to lose jurisdiction of the cause of action against the defendant. Charles, A Slave v. The State, 4 Porter 107; Code of Alabama, 1975, Sec. 12-11-4, 12-11-8; ExParte Beaird, 217 Ala. 355, 116 So. 367; Jacobs v. State,23 Ala. App. 149, 122 So. 806; Certiorari Denied, 219 Ala. 511,122 So. 806.
Next the appellant contends that the delay between the time of the return of the jury verdict and the time of the sentence violated her constitutional rights to a speedy trial. From the record it appears that the jury verdict finding the appellant guilty of illegal possession of drugs was returned September 28, 1977; that on December 19, 1977 a writ of Habeas Corpus Ad Prosequendum was issued returnable January 15, 1978; that on June 19, 1978 motion to dismiss was filed; that on June 29, 1978 motion to dismiss overruled, and defendant ordered brought before the court for sentencing with all deliberate speed; on November 9, 1978 defendant was in open court and was sentenced.
The record before us indicates that the request for a speedy trial was not made by the appellant on any official of the State of Alabama until 4 months and 21 days *Page 589 
before the trial was completed. We hold that without proof of facts in support of appellant's motion to dismiss, other than a delay of approximately 13 months and 13 days between the return of the jury verdict and the imposition of a sentence on the appellant, as shown by the record before us, when no request for a speedy trial was made until 4 months and 21 days before the trial was completed, the contention of appellant that her constitutional rights to a speedy trial have been violated is not well founded. In the absence of proof of facts that appellant's constitutional rights to a speedy trial have been violated the trial court did not err when it overruled appellant's motion to dismiss. Barker v. Wingo, 407 U.S. 514,92 S.Ct. 2182, 33 L.Ed. 101; Washington v. State, Ala.Cr.App.,370 So.2d 342; Andrews v. State, Ala.Cr.App., 370 So.2d 1070;Certiorari Denied, Ex Parte Andrews, Ala., 370 So.2d 1075;Woods v. State, 333 So.2d 178; Sellers v. State, 48 Ala. App. 178, 263 So.2d 156.
The appellant contends that the trial court erred to her prejudice by refusing to grant a motion for a mistrial based on the ground that a witness was allowed to testify that the appellant appeared to be high on drugs. We have searched the record and do not find that a witness was allowed to testify that the appellant appeared to be high on drugs, therefore appellant's contention that the trial court erred when a witness was allowed to testify that appellant appeared to be high on drugs is not sustained by the record.
Appellant further complains that the trial court erred to her prejudice when it overruled her motion for a mistrial on the ground that state's counsel asked appellant questions concerning, and presented evidence of crimes that were not related to the charge before the court. The appellant was on trial for unlawfully possessing heroin, and had testified that she had never seen heroin before, and did not know it was in the room or in her purse.
During the cross-examination of appellant the following occurred:
"COURT: All right. Ask that question again.
 Q Miss Scaloni, I believe you have testified that you have never seen heroin before, is that not correct?
A I have never seen it before, no, sir.
Q You have never seen heroin before?
A In pictures.
Q But you have never seen it in person before?
A No, sir.
 Q And you didn't know there was any heroin in that room, is that correct?
A No, sir.
 Q And is it your testimony that you have never been present when Anna Consalvo sold heroin?
A No, sir.
 Q And is it your testimony that you have never sold heroin?
A I have never sold heroin.
 Q Isn't it correct that you and Anna Consalvo sold heroin in New York City on March 15th to Agent Gene McElroy of the Drug Enforcement Administration?
A I did not.
 MR. ALLEN: We object to that question on the grounds that it goes to, if indeed any such thing was done, it goes to a separate crime. I am not aware of it. It was not alleged in any indictment and it simply is irrelevant as far as this case is concerned. If he has some record of conviction then he can certainly use that to prove that she is in error, that she is lying. But unless he has that we object to it and we think that the Court should not allow it in.
 COURT: Let me inquire of counsel for the State. Does counsel propose to present impeachment testimony on this point?
MR. BELL: Yes, sir.
 COURT: I am afraid precedence would require the Court to overrule your objection.
 MR. ALLEN: Your Honor, we would further move, because we feel it's so highly prejudicial to the Defendant, we would move for a mistrial. *Page 590 
COURT: Motion is denied.
MR. ALLEN: Thank you, sir."
State's evidence tended to prove that one Anna Consalvo, and one Holly Golden, and the appellant were present in a motel room when the officers entered the room; that Anna Consalvo and Holly Golden were in the act of disposing of heroin by flushing it through the commode and bathtub drains; that heroin was found in a side pocket of appellant's purse in the room at the time. That there was recovered from the room, and the bathroom, commode, tub and sewer system, heroin of the street value of approximately $175,000.00 to $250,000.00.
The indictment against the appellant charges that she did unlawfully, willfully, and feloniously possess heroin. The burden of proof was on the state to prove that the appellant had knowledge that she possessed heroin. The evidence complained of was proper for the jury to consider in deciding whether or not the appellant had knowledge that the substance found in her possession was heroin.
The rule of law that on a trial of the person for the alleged commission of a particular crime, evidence of doing other acts, which itself is a crime, is not admissible, does not work to exclude evidence of proof of all prior acts or crimes, only such as are offered for the purpose of showing defendant's bad character. If the defendant's commission of other acts, crimes, or misdeeds proves an element of guilt, or tends to prove guilt otherwise than as tending to prove guilt by way of bad character, then proof of such other act, crime, or misdeed, is admissible. Evidence of the accused's commission of other acts, crimes, or misdeeds, is admissible if his knowledge of certain facts tends to prove an element of the now-charged crime and his commission of such other crime was reasonably calculated to bring to him such knowledge.
We hold that the rule which excludes evidence of other criminal acts on the trial of a particular issue is, it is true, not without limitations or exceptions. When it becomes necessary to prove a guilty knowledge on the part of the defendant, evidence of other acts committed by him, though not charged in the indictment against him, are admissible to show guilty knowledge.
We hold the trial court did not err to the prejudice of the appellant when it overruled her motion for a mistrial. Pugh v.The State, 4 Ala. App. 144, 58 So. 936; McKenzie v. State,250 Ala. 178, 33 So.2d 488; Wilkins v. State, 29 Ala. App. 349,197 So. 75; McDonald v. State, 57 Ala. App. 529, 329 So.2d 583;McElroy's Alabama Evidence, Sec. 69.01 (1) (3rd ed. 1977).
As provided by Alabama Code, 1975, Title 12-22-240, we have searched the record for any other errors prejudicial to the appellant and have found none.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by the Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328, Act # 1051, 1973); his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.