435 So.2d 1319 (1981)
Rickey Joe THOMAS
v.
STATE.
7 Div. 837.
Court of Criminal Appeals of Alabama.
August 4, 1981.
Rehearing Denied October 6, 1981.
*1320 Robert G. Wilson of Scruggs, Rains & Wilson, Fort Payne, for appellant.
Charles A. Graddick, Atty. Gen. and J. Anthony McLain and James F. Hampton, Sp. Asst. Atty. Gen., for appellee.
JOSEPH J. MULLINS, Retired Circuit Judge.
The Grand Jury of DeKalb County returned an indictment against the appellant, Rickey Joe Thomas, charging him with burglary in the third degree, a class C felony. When the appellant was called by the court to plea to the indictment, he stood mute. The court entered a plea of not guilty for the appellant. A jury found the appellant guilty. After a presentence hearing the court duly sentenced the appellant to ten years in the State Penitentiary, and he appeals to this Court.
Appellant was represented at all proceedings in the trial court, and in this Court, by the same counsel appointed by the trial court. This appeal was submitted to this Court on briefs.
The appellant states in his brief four reasons why his conviction should be reversed. First, that the trial court erred to his prejudice by considering a prior adjudication as a youthful offender in sentencing the appellant under the Habitual Offender Statute, 1975 Code Of Alabama, Sec. 13A-5-9 (1980 Cumulative Supplement); second, that Sec. 13A-5-9, Code Of Alabama, 1975, (1980 Cumulative Supplement) is unconstitutional in that it violates appellant's right of equal protection and due process of law; third, by refusing to charge the jury on the lesser included offense of criminal trespass in the third degree; fourth, by refusing to give the appellant's requested jury charges 1, 2, 3, and 10.
State's evidence tended to prove that on the 17th day of September, 1980 Mr. Kuykendall, a pharmacist, was manager of Harco Super Drug, Inc., located in a building in DeKalb Plaza Shopping Center between Big K and the Radio Shack, in Fort Payne, DeKalb County, Alabama; that the store was equipped with a silent burglary alarm system; that about 2 A.M. he received a telephone call from the city police, and that he went immediately down to the Harco Super Drugstore where he found several police officers; that he unlocked the front door of the building and let the officers in where they found the appellant and another person in the building; that there was a hole in the dropped ceiling of the drugstore overhead which was not there when Mr. Kuykendall locked the store on the evening of September 16, 1980; that two empty money bags that were kept in the desk drawer had been taken out of the desk drawer, and one was found ten or twelve feet away from the desk; that the contents of the drawer had all been taken out; that the wall between Harco Super Drugstore and the Radio Shack store was made out of *1321 a very thin ceiltex, and extended from the floor of the building to the top ceiling of the building; that the Harco Drugstore was equipped with a silent alarm system that would be triggered at the moment anyone reached the floor of the drugstore; that narcotics, cameras, and other articles for sale, were kept in the store; that nothing was found to be gone from the drugstore.
State's evidence further tended to prove that David Kean, a police officer of the City of Fort Payne, was on duty on the 17th day of September, 1980, and was in the radio room at the police station when number 16 of the burglary alarm system went off, at which time he knew it was at Harco Drugs; that immediately Officer Kean and Officer Jimmy Don Thomas got in separate police cars, and headed for Harco Drugstore, and arrived there in about three or four minutes after the alarm went off; that Officer Kean knows the appellant, and positively identified him as one of the two persons he saw, and arrested, inside Harco Drugstore; that when he arrested them, they were standing almost under a hole in the dropped ceiling; that before he arrested them, he observed them placing something on a shelf between baby pamper boxes; that he found a set of gloves, and a money bag with Harco Drugs on it; that the appellant had a big plastic bag stuck under his shirt; that neither the appellant nor the person with him appeared to be drunk, but they both appeared to be nervous.
State's evidence further tended to prove that Jimmy Don Thomas, a police officer of Fort Payne, was on duty on September 17, 1980, and was at the police headquarters when the burglary alarm went off at about 2:00 A.M. o'clock; that he went to the back entrance of Harco Drugstore, and put his partner out to secure the back entrance, and then Officer Thomas attempted to find a way to go to the roof of the building, then he went to the front of the building, and observed that a part of the dropped ceiling in Harco Drugstore had been removed; that Mr. Kuykendall arrived at the store, and unlocked the front door so Captain Kean and Officer Thomas could enter Harco Drugstore; that the officers arrested the appellant and the person with him; that Officer Thomas then went to the roof of the building, and found a hole in the roof large enough for a person to pass through; that the hole in the roof was over that part of the building occupied by the Radio Shack; the hole in the roof had been covered by a piece of metal, and the metal was torn loose and turned back; that Officer Thomas lowered himself into the hole, and looked around, and found three other holes large enough for a man to pass through, one through the dropped ceiling over Radio Shack's store, one through the partition wall between Harco Drugstore and Radio Shack and above the dropped ceiling, and the other hole through the dropped ceiling over Harco Drugstore.
State's evidence further tended to prove that David Walker, a police officer of Fort Payne, was patrolling on September 17, 1980 when he received a radio call to report to Harco Drugstore; that he went on the roof of the building where Officer Thomas had found a hole in the roof; that Officer Thomas lowered himself through the hole, and Officer Walker followed him; that Officer Thomas found a dark colored handbag between the dropped ceiling and the top ceiling of the building and over the Radio Shack and near a large hole through the wall into Harco Drugstore, and handed the handbag to Officer Walker who then handed it to Detective Parker.
State's evidence further tended to prove that Detective Wayne Parker was present at Harco Drugs on September 17, 1980. That when he arrived, Officers Kean, Thomas, and Walker were the only officers on the scene; that he was familiar with the scene of the alleged crime, and went there to investigate an alleged burglary; that State's exhibit number 3 consisted of a pair of work gloves, a pair of sox wrapped around a Fort Payne bank money bag with Harco Drugs written on it; that the gloves were found up on a shelf under the hole through the dropped ceiling over Harco Drugstore, and the sox and Harco money bag were found stuck back in between some boxes near the hole in the dropped ceiling *1322 over Harco's Drugstore; that Detective Parker received from Officer Walker that night at the scene a black zipper handbag with a pair of handles connected to it; that the handbag contained a grappling type hook with a thirty-six foot chain with knots tied in the chain attached to the grappling hook, a short piece of rope, one hammer, three screwdrivers, one pair of pliers, a part of a broken saw blade, a swab, a lock washer, a screw, a small price tag, $680.40 in American money, two dollars in Canadian money, one Smith and Wesson 22 Caliber Pistol, one Colt 9 Millimeter Pistol, and a Radio Shack business card in a blue Fort Payne bank money bag; that in the opinion of Detective Parker the appellant was not drunk on the occasion when he was arrested. State rested its case, and appellant moved to exclude state's evidence. Motion was overruled.
The appellant's evidence tended to prove that Norma Hastings was the mother of the appellant; that on September 16, 1980 she had seen the appellant off and on all of the day; that he had been drinking whiskey and beer, and was drunk when he left home right after dark on the day before he was arrested. The appellant offered no other evidence on his behalf.
After the jury returned a verdict finding the defendant guilty, the court postponed sentencing the appellant pending a presentence hearing to be heard on March 5, 1981 at 9:30 A.M. This concluded the trial ending February 9, 1981, at 4:44 P.M.
At the presentencing hearing the state, over the objection of the appellant, introduced state's exhibit one, a properly certified copy of a valid judgment entered on March 3, 1976 in the Circuit Court of DeKalb County, Alabama, showing a conviction of the appellant for the offense of burglary in the second degree, a class C felony. The state was allowed to introduce, over the objection of the appellant, a certified copy of the bench notes of the Circuit Court of DeKalb County. Entries on the bench notes are, as follows: "Attorneys, J. T. Block, W. M. Scroggins, parties, the State Of Alabama vs Rickey Joe Thomas, date of filing 1/7/74, action, burglary, 2nd degree, orders and decrees of the court, 2/15/74 same as 1274 W.G.H., 5/17/74 application for consideration under the Youthful Offender Act is granted, W.G. Hawkins, Judge. September 23, 1974, court reporter took proceedings. Committed to Dep. of Prison for a period of 3 years to run concurrently with Case # 1274. W.G. Hawkins, Judge, Transcript filed 10/7/74."
At the conclusion of the hearing, the trial court determined that the appellant having been, on March 5, 1981, convicted of burglary, 3rd. degree, and after due notice, and hearing, the court found by a preponderance of the evidence that the appellant had been convicted of (1) previous felony and (2) youthful offender, and duly sentenced the appellant to ten years in the State Penitentiary.
Appellant's first contention in his brief is that the trial court erred to his prejudice by considering a prior adjudication as a youthful offender, as a conviction of a prior felony, in considering sentencing the appellant under the Habitual Offender Statute, 1975 Code Of Alabama, Sec. 13A-5-9 (1980 Cumulative Supplement). Section 13A-5-9(a) provides: "In all cases when it is shown that a criminal defendant has been previously convicted of any felony and after such conviction has committed another felony, he must be punished as follows:
(1) On conviction of a class C felony, he must be punished for a class B felony;...... (b) In all cases when it is shown that a criminal defendant has been previously convicted of any two felonies and after such conviction has committed another felony, he must be punished as follows:
(1) On conviction of a class C felony, he must be punished for a class A felony; ......"
The appellant does not contend that he was not lawfully convicted in the Circuit Court of DeKalb County, Alabama on March 3, 1976 of burglary in the second degree, a felony, as proven by state's exhibit one introduced at the presentencing hearing. Appellant contends that the trial court *1323 committed prejudicial error when it allowed into evidence, and considered, state's exhibit two, as a prior conviction of a felony. State's exhibit two is not a properly certified copy of a valid judgment showing a prior conviction of a felony. It is merely a certified copy of bench notes, and is not sufficient to prove a prior conviction of a felony. The appellant did not testify in the case. We hold that the trial court committed error when it allowed state's exhibit number two into evidence, and considered it as a prior conviction of the appellant of a felony. A proper way to prove a prior conviction of a felony is by introducing a certified copy of the minute entry, showing a valid prior conviction of the defendant of a felony, or by the admission of the defendant. Hope v. State, Ala.Cr.App., 381 So.2d 676; Ray v. State, Ala.Cr.App., 398 So.2d 774; Certiorari Denied, Ala., 398 So.2d 777; Highsmith v. State, 55 Ala.App. 272, 314 So.2d 874; Palmer v. State, 54 Ala.App. 707, 312 So.2d 399.
The record in this case reveals that the appellant was indicted for a class C felony. That he was sentenced to the State Penitentiary for a term of ten years. Code Of Alabama, 1975, 13A-5-6 provides for a sentence of not less than ten years or not more than ninety-nine years for a class A felony; not less than two years or more than twenty years for a class B felony; and not less than one year and one day or more than ten years for a class C felony. In view of the fact that the sentence imposed on the appellant was for ten years, the evidence shown by state's exhibit two, and erroneously considered by the trial court, resulted in no prejudice to the appellant, therefore the error was harmless. Rule 45 of Appellate Procedure. The sentence being for ten years was within the limits prescribed for either a class A, B, or C felony, and its length was well within the discretion of the trial judge. Watson v. State, Ala.Cr.App., 392 So.2d 1274; Certiorari Denied, Ala., 392 So.2d 1280; Brown v. State, Ala.Cr.App., 392 So.2d 1248; Certiorari Denied, Ala., 392 So.2d 1266; Griggs v. State, 40 Ala.App. 675, 121 So.2d 926.
Appellant's second contention in his brief is that Section 13A-5-9 of the 1975 Code Of Alabama, (1980 Cumulative Supplement) of the Habitual Felony Offender Act violates the appellant's constitutional rights of equal protection and due process under the law. This act provides for additional penalties in all cases when it is shown that a criminal defendant has been previously convicted of any felony, and after such conviction has committed another felony. Section 13A-5-9 has recently been held by this Court to be constitutional, and does not violate the due process, or ex post facto clauses of the constitution. Watson v. State, supra; Johnson v. State, Ala.Cr.App., 398 So.2d 393; Lyner v. State, Ala.Cr.App., 398 So.2d 420; Williams v. State, Ala.Cr. App., 393 So.2d 492; Smith v. State, Ala.Cr. App., 392 So.2d 1273.
The third and fourth prejudicial errors argued in appellant's brief are that the trial court refused to charge the jury on the lesser offense of trespass in the third degree, and refused to give written charges numbers 1, 2, 3, and 10 requested by the appellant. It was not error for the trial court to refuse charges 1, 2, and 3 because they were substantially covered by the court's oral charge, or other written charges given at the request of the appellant. Charge 10 was properly refused because it attempted to have the court charge that they could find the appellant guilty of criminal trespass in the third degree as a lesser offense included in the indictment for burglary in the third degree. Under the evidence in this record there is no rational basis for the conviction of the appellant of the offense of a criminal trespass in the third degree. Section 13A-1-9(b) of the 1975 Code Of The State Of Alabama, with reference to lesser included offenses in an indictment, provides: "The court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense." Fulghum v. State, 291 Ala. 71, 277 So.2d 886; Johnson v. State, supra; Brown v. State, supra; Taylor v. State, Ala.Cr.App., 380 So.2d 363; Williams *1324 v. State, Ala.Cr.App., 377 So.2d 634; Certiorari Denied, Ala., 377 So.2d 639; Jenkins v. State, Ala.Cr.App., 384 So.2d 1135; Certiorari Denied, Ala., 384 So.2d 1141.
The record fully sustains the verdict of the jury finding the appellant guilty of burglary in the third degree.
We have searched the record and are of the opinion that reversible error does not appear. The judgment of the trial court is due to be and is hereby affirmed.
The foregoing opinion was prepared by Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur, except BOWEN, J., who dissents with opinion.
BOWEN, Judge, dissenting.
I dissent from that part of the majority opinion which holds that the defendant was not prejudiced by the consideration of the youthful offender conviction because the defendant could have been sentenced to ten years even if this conviction had not been considered. Merely because the defendant could have been sentenced to ten years does not mean he would have been if the trial judge had not considered the youthful offender conviction. Harmless error cannot be based on such possibilities. Saltzburg, The Harm of Harmless Error, 59 Va.L.Rev. 988 (Sept. 1973).
I would remand this cause for proper sentencing.