MURDOCK, Justice
(concurring in the result).
The main opinion states that the “jury-trial right[]” recognized under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), “now applies] to increases in both mandatory maximum sentences and mandatory minimum sentences.” 152 So.3d at 450. Although this is true, it does not in my view fully express the reason for which a sentence enhancement — any sentence enhancement — must be considered by a jury.
My view in this regard aligns with that of Justice Shaw as explained in the first four paragraphs of his special writing in the present case, including particularly the passage he quotes from his own special writing as a judge on the Court of Criminal Appeals in Poole v. State, 846 So.2d 370, 397-98 (Ala.Crim.App.2001) (Shaw, J., concurring in the result). That is, regardless whether we find ourselves near the bottom or the top or the middle of a sentencing range, there is validity in Justice Shaw’s criticism of “the idea that it is proper to assume that the trial court would have made the same sentencing decision had the impermissible sentencing enhancement not been considered.” 152 So.3d at 453. For that matter, authority cited by the main opinion at the close of its analysis is consistent with this view:
“ ‘ “Merely because [Reginald Tyrone Lightfoot] could have been sentenced to [15] years does not mean that he would have been if the trial judge had not considered the [firearm enhancement]. Harmless error cannot be based on such possibilities. Saltzburg, The Harm of Harmless Error, 59 Va. L. Rev. 988 (1973).” ’ Ex parte Thomas, 435 So.2d 1324, 1326 (Ala.1982) (quoting Thomas v. State, 435 So.2d 1319, 1324 (Ala.Crim.App.1981) (Bowen, J., dissenting)).”
152 So.3d at 450.
That said, I cannot go further and join Justice Shaw’s special writing. In this particular case, the indictment did not include allegations sufficient to put Lightfoot on notice that he would be required to defend against a firearm enhancement; Lightfoot was not put on notice of the need to prepare for or to present a defense as to a firearm enhancement until the start of the trial. There is an entwinement between the due-process issue of notice and an opportunity to be heard regarding a sentence-enhancement issue and the ability to find harmless error arising from the separate fact that the issue ultimately was not presented to the jury. Specifically, the lack of notice could have affected the defendant’s preparation for trial and, as a result, the state of the record upon which an appellate court must determine whether “no rational jury, considering the element, would find it not to be proved.” 152 So.3d at 453 (Shaw, J., dissenting in part and concurring in the result). In fairness, therefore, we cannot use that record as the basis for concluding that any failure to have presented the issue to the jury was harmless. To borrow from the rationale articulated by Professor Saltzburg and quoted in the main opinion, 152 So.3d at 450, “merely” because of the “possibilit[y]” that the record would have been the same is not a sufficient basis on which to conclude that an error that could have affected that record is harmless.
Moreover, in the present case, the Court of Criminal Appeals specifically found “meritorious” “Lightfoot’s arguments that the enhancement was improperly applied to his sentence because he had not received notice, a reasonable time before trial, of the State’s intent to seek application of the enhancement.” Lightfoot v. *452 State, 152 So.3d 434, 442 (Ala.Crim.App.2012) (opinion on application for rehearing). The Court of Criminal Appeals concluded that, “[i]n this case, it is clear that Lightfoot did not receive notice of the State’s intent to seek to apply the firearm enhancement in § 13A-12-231(13)[, Ala. Code 1975,] until only moments before the trial began. That notice was not reasonable.” 152 So.3d at 443.1 agree.
Accordingly, my agreement with Justice Shaw’s analysis must be fettered by the fact that we do not have before us a record unaffected by the State’s due-process violation to which to apply the harmless-error standard. I therefore concur in the result reached by the main opinion.